17 U.S. 243 (____)
4 Wheat. 243
WHEATON
v.
SEXTON'S Lessee.
Supreme Court of United States.

*244 March 12th, 1819. JOHNSON, Justice, delivered the opinion of the court.
The suit below was ejectment, and the defendant in this court recovered, under a title derived from a sale by the marshal of this district. The marshal's deed conveys the life-estate of Wheaton in the lands in question. And the plaintiff below proved the title in the defendant's wife, under conveyances executed after marriage. The defence set up was a conveyance executed by Wheaton, to a trustee, for the sole and separate use of his wife and her heirs, and the deed purports to have been executed in consideration *506] of, and to carry into *effect an original intention in the parties, *245 that the conveyances to his wife should inure to the same uses, although the conveyances in law operate otherwise. But there is no other evidence of this fact than what is contained in the deed, and it was executed but two days before the judgment.
At the trial, two bills of exception were taken; the first of which brings up the question, whether a sale by the marshal, after the return-day of the writ, was legal. The court charged that it was, provided the levy was made before the return-day. And on this point, the court can only express its surprise that any doubt could be entertained. The court below were unquestionably right in this instruction. The purchaser depends on the judgment, the levy and the deed. All other questions are between the parties to the judgment and the marshal. Whether the marshal sells, before or after the return, whether he makes a correct return, or any return at all, to the writ, is immaterial to the purchaser, provided the writ was duly issued, and the levy made before the return.
The second bill of exception brings up the question, whether the deed to Caldwell, in trust for Mrs. Wheaton, was not fraudulent and void as against creditors. In ordinary cases, a voluntary conveyance of a man, to the use of his wife, when circumstances as Wheaton, was, would unquestionably be void. But it is contended, that, in this instance, a court of equity would have decreed Wheaton to make the conveyance he did execute, and therefore, it was not a voluntary conveyance. That there are cases in *which [*507 the court would lend its aid to protect the acquisitions of a wife from the creditors of a husband, may well be admitted; but on this case, it is enough to observe, that if the husband may, upon his own recital, make out such a case, there would no longer exist any difficulty in evading the rights of creditors.
Yet this court is not satisfied, that the court below has given an instruction that comports with the law of the case. The instruction of the court, given on motion of the plaintiff below, is, that the deed was void in law, "if it was made by the said Joseph Wheaton, without a valuable consideration therefor, or was made by him with intent to defeat, delay or defraud his creditors." Had the conjunction and been substituted in this instruction for or, it would have been entirely unimpeachable; but as it now reads, it must mean, that even had a valuable consideration been paid, if the deed was made, with intent to defeat creditors, it was void. We know of no law which avoids a deed, where a valuable (by which, to a general intent must also be understood adequate) consideration is paid, and the change of property be bonâ fide, or such as it professes to be. Of such a contract, it cannot be predicated, that it is with intent to defeat or defraud creditors, since, although the property itself no longer remains subject to the judgment, a substitute is furnished by which that judgment may be satisfied. Nor is it any impeachment of such a deed, that it is made to the use of the family of the maker. The trustee, in that case, becomes the benefactor, and not the husband. It is *not a provision made by him for his [*508 family, but by another.
Although, from anything that appears in this cause, this court can see no ground on which the jury could have found otherwise than they did, yet if the instruction was erroneous, and to the prejudice of the defendant below, *246 as this court cannot estimate its influence on the minds of the jury, the judgment must be reversed.
Judgment reversed.