## Howard *vs.* The Kentucky and Louisville Mutual Insurance Company.

Case 30.

October 9.

### ERROR TO BOURBON CIRCUIT.

Judge SIMPSON delivered the opinion of the court.

1. When a statute gives a remedy for an injury, or gives an action in a particular court, it is generally a virtual exclusion of the jurisdiction of any other court.

2. The remedy may be changed by the legislature. The Code of Practice, §127, gives a right to sue insurance companies in any county where there is an agency, when the cause of action arises out of a transaction of such agency, and §106 authorizes the service of process upon the chief officer of the agency.

3. In general, the legislature have the power to change the remedy for the enforcement of contracts, if the obligation be not thereby impaired. (4 *Cranch,* 496; 4 *Wheaton,* 245.) It had such power in this case.

4. When a court decided against its own jurisdiction, it was improper to decide the case upon its merits.

5. The undertaking of the assured correctly to describe adjacent buildings near those insured and the uses made thereof, did not imply an obligation that other buildings within that distance should not be erected, though if injury did result to the assurers from the subsequent erection of buildings by the assured, it might vacate the policy. (2 *Hall's Rep.* 632; 2 *Phillips on Insurance,* 177.)

Howard brought an action in the Bourbon circuit court against the Kentucky and Louisville Mutual Insurance Company, and stated in his petition that the defendants, by their policy dated the 4th January, 1848, agreed to pay him the sum of two thousand dollars, if his three story brick and frame warehouse, situated in the town of Paris, should be destroyed by fire within six years from the date of the policy; that he had duly performed all the conditions required of him by the policy, and that on the —— day of ————, 1851, the frame part of said warehouse was entirely, and the brick portion partially destroyed by fire, the policy still being in full force, and the building occupied as at the date thereof; and that the defendants had not, although duly notified thereof in the manner required by the policy, rebuilt said warehouse or paid him the amount of the insurance. He therefore prayed judgment for the two thousand dollars.

The defendants in their answer, after copying therein the tenth section of the act to incorporate the Kentucky and Louisville Mutual Insurance Company, which was passed in 1839, (*Session Acts*, 1838–9, 228,) denied that the court had jurisdiction of the action, because, by the provisions of that section of their charter, all suits for losses upon any policy issued by them, must be brought in the Jefferson circuit court, as therein prescribed.

As another ground of defense, they stated in their answer that the loss mentioned in the petition was occasioned by the burning of a framed building erected by the plaintiff since the date of the policy, near to the house insured, without the knowledge or consent of the defendants, and that the risk was much increased, and the loss in fact directly occasioned thereby.

The plaintiff filed a separate demurrer to each of these two grounds of defense, and his demurrers having been overruled, a judgment was rendered in favor of the defendants, which the plaintiff now seeks to reverse.

HOWARD
*vs.*
THE KY. & LOU. MU. IN. CO.

Case stated in the petition.

The defense set up by the answer.

The tenth section of the act of incorporation pro÷
vides—"that in case of any loss or damage by fire,
" happening to any member, upon property insured
" in and with said company, the said member shall
" give notice thereof, in writing, to the directors, or
" some one of them, or to the secretary of said com-
" pany, within thirty days from the time such loss or
" damage may have happened; and the directors, up-
" on a view of the same, or in such other way as they
" may deem proper, shall ascertain and determine the
" amount of such loss or damage; and if the party
" suffering is not satisfied with the determination of
" the directors, the question may be submitted to re-
" ferrees, or the party may bring an action against said
" company for said loss or damage, at the next court
" to be holden in and for the circuit of Jefferson, and
" not afterwards, unless said court shall be holden
" within sixty days after said determination; but if
" holden within that time, then at the next court hol-
" den in said county thereafter; and if upon the trial
" of said action, a greater sum shall be recovered
" than the amount determined upon by said directors,
" the party suffering shall have judgment therefor
" against said company, with interest thereon from the
" time such loss or damage happened, and costs of
" suit, &c."

It is contended, that this section does not confer ex-
clusive jurisdiction over the matter in controversy
upon the Jefferson circuit court; that other circuit
courts would have jurisdiction in such cases, if the
jurisdiction of the Jefferson circuit court be not ex-
clusive; and as the language of the charter does not
necessarily import such exclusive jurisdiction, other
circuit courts should not be ousted of their jurisdic-
tion over the matter by mere intendment and infer-
ence, but only by language clear and explicit.

The charter prescribes the mode in which a person
sustaining a loss upon property insured by the com-
pany shall proceed to have the extent of the loss as-
certained, and to obtain relief for the injury. In

1. When a
statute gives a
remedy for an
injury, or gives

pointing out the manner in which this is to be effected, the time allowed for the bringing of a suit for the purpose, is regulated and limited by reference to the time of holding the terms of the Jefferson circuit court. The general rule of interpretation is, that the specification of one mode of proceeding is virtually the exclusion of others; and the application of the rule in this case is more imperative, inasmuch as the limitation upon the time to sue, manifests an intention in the legislature to make the action local, and confine it to the county of Jefferson.

It is, however, contended that the right to sue the company in the county of Bourbon exists under the provisions of the Code of Practice, even if the action were previously local by the terms of the charter. The Code of Practice, §127, authorizes an action to be brought against a bank or an insurance company in the county in which there is a branch of the bank, or agency of the company, where it arises out of a transaction of such branch or agency. And §106 provides, that where the defendant is an incorporated insurance company, and the action is in a county in which there is an agency thereof, the service may be upon the chief officer of such agency.

The Code of Practice undoubtedly authorized the plaintiff to maintain the present action in the county of Bourbon, unless the insurance company acquired a right under the charter to be sued alone in the county of Jefferson, which could not be divested by subsequent legislation.

In general the legislature has the power to regulate the remedy for the enforcement of contracts, and to modify it in any manner it may deem proper, if the obligation of the contract be not thereby impaired, or the vested rights of the parties encroached upon or violated. Whether the remedy given by its charter against an incorporated company, forms a part of its chartered rights, which the legislative power cannot constitutionally modify or alter, where such alteration essentially affects the rights or interests of the com-

---

HOWARD
*vs.*
THE KY. & LOU.
MU. IN. CO.

an action in a particular court, it is generally a virtual exclusion of the jurisdiction of any other court.

The remedy may be changed by the legislature. The Code of Practice, §127, gives a right to sue insurance companies in any county where there is an agency, when the cause of action arises out of a transaction of such agency, and §106 authorizes the service of process upon the chief officer of the agency.

3. In general, the legislature have the power to change the remedy for the enforcement of contracts, if the obligation be not thereby impaired. (4 *Cranch*, 396; 4 *Wheaton*, 245.) It had such power in this case.

pany, we do not deem it necessary in this case to decide. There is certainly a substantial difference between those rights upon which the validity of the contracts and other transactions of the corporation depends, and the peculiar remedies prescribed for their enforcement. The first enter into and constitute an essential element in the contracts and transactions themselves, and cannot be violated. The last may be to some extent subject to legislative control, without in any degree impairing such rights, or injuring the corporation ; and the exercise of the legislative power, to this extent, may be sometimes necessary, and would seem to be unquestionable. The power of the legislature to control and modify, at its pleasure, the remedies bestowed upon a corporation, to the same extent that it can in other cases, has been asserted and maintained by the supreme court of the United States in the cases of *Young* v. *Bank of Alexandria,* 4 *Cranch,* 396 ; *Bank of Columbia* v. *Oakley,* 4 *Wheaton,* 245. Whether the legislative power can be constitutionally exercised to this extent or not, we think it clear that the general legislative power over the remedy may be exercised where it does not affect injuriously any corporate right, nor subject the corporation to any additional loss or liability.

The only objection urged to the jurisdiction of the Bourbon circuit court is, that a trial in that county may increase the costs of the defendants, and if the corporation be compelled to submit its rights to the decision of a tribunal where the plaintiff resides, an undue influence may be exercised against it in favor of the party whose property has been destroyed by fire. With respect to the costs of the suit, it is evident that a trial in the county where the property was situated, and the loss occurred, would in all probability diminish instead of increasing them. It may be presumed that, ordinarily, the witnesses necessary in such a trial reside where the property was destroyed, and as the agent of the corporation also resides at the same place, the convenience of both parties will

be promoted and the expense lessened by having the trial there. If there be just cause to apprehend, in any case, that owing to peculiar circumstances the company cannot have a fair trial, it may like other litigants procure a change of venue, and thereby guard against and obviate any danger that might arise from that cause. But a danger of that kind is more imaginary than actual, and would exist so seldom, and could be so easily obviated, that its probable existence in some cases constitutes no valid objection to the extension by the legislature of the remedy against the corporation, so as to authorize a suit to be brought against it in counties where it has an agency, and where the suit arises out of a transaction of such agency. Such an extension of the remedy neither subjects the company to any additional loss or liability, nor divests it of any corporate right or privilege, unless the provision in the charter giving a remedy against it in the Jefferson circuit court alone can be regarded as a privilege; and if it be so regarded, still it has not been essentially impaired, inasmuch as the jurisdiction conferred upon other circuit courts, does not place the corporation in a worse attitude than it previously occupied, nor even subject it to any additional inconvenience. The company has to depend upon its agents to make suitable preparation for the defense of such suits as may be instituted against it, which they can do with more facility where they reside than at any other place. No material alteration having then been made in the remedy of the parties to the contract, we regard the law extending it as constitutional and valid. The court below, therefore, erred in overruling the plaintiff's demurrer to that part of the defendants' answer, which contained a denial of the jurisdiction of the court. But we would not be understood as deciding that the extension of the remedy to other courts besides the circuit court of Jefferson county, dispenses with the duty imposed upon the assured to give notice of a loss when it occurs, in the mode prescribed

4. When a court decided against its own jurisdiction, it was improper to decide the case upon its merits.

in the charter, or affects the right of the company to have the loss or damage ascertained and determined in the manner therein pointed out.

The circuit court having decided that it had no jurisdiction in the case, it was improper for it to decide upon the sufficiency of the other matters of defense relied upon in the answer; for it was immaterial, if the court had no jurisdiction, whether they constituted a valid defense to the action or not; and the fact that the plaintiff had filed a demurrer to that part of the answer did not authorize the court to decide the question which it presented. We shall, therefore, regard the parties as occupying the position they would do, if the court below had alone decided, as it should have done, the question of jurisdiction. But as the sufficiency of the defense set forth and relied upon in the answer was decided by the court, and will no doubt arise upon the return of the cause to the circuit court, we will consider the question it involves, and dispose of it at this time.

In the description of the building insured, made by the plaintiff at the time he procured the policy, he was required to state its relative situation to other buildings, and distance from each, if less than ten rods, and the purposes for which such other buildings were occupied. It thus appears that these matters entered into the estimate of the risk, and therefore the applicant was under an obligation to give a true statement of them in the description he furnished; but he did not undertake, either expressly or by implication, that the relative situation of the building insured, with reference to other adjacent buildings, should remain unchanged during the continuance of the policy. He was not required to state in the description of the insured property, who were the proprietors of the adjacent ground upon which other buildings might be erected; and if it belonged to other persons, it was certainly not in the contemplation of the parties that he should be responsible for their acts.

It is evident that the policy contains no prohibition against the erection of other buildings contiguous to those insured. The defendants, by the terms of the policy, guarded against an increase of the risk, by an appropriation of the building insured for a purpose more hazardous than that which existed at its date, by declaring the policy void in consequence of such increased risk; but they did not insert any such stipulation with respect to the erection of adjacent buildings.

The erection of an adjacent building by the assured did not, therefore, render the policy void, or discharge the underwriters. It might not have produced any actual injury to the insurers, even if it greatly increased the risk, and as the act did not violate any stipulation in the policy, the law would, in the event that no injury resulted from it, regard it as harmless and unimportant. Although, however, the policy was not rendered void by the subsequent erection of a building adjacent to those insured, it does not follow that the insurers are bound to sustain the loss, if one occurred, and was occasioned by such an act on the part of the assured. The contract of insurance rests upon the mutual good faith of the parties. The assured violates that good faith by doing any act which increases the risk that has been incurred by the insurers. This breach of good faith, if it produces no injury to the other party, does not impair his own rights under the contract; but if it occasions a loss, such loss devolves upon himself, and not upon the insurers, inasmuch as it results from a violation of that good faith, which in legal contemplation was pledged to them, that the risk should not be increased by his act, during the running of the policy, without their assent. Thus, if the assured should, subsequent to the date of the policy, erect a building near to the property insured, and thereby greatly increase the hazard of loss by fire, and a loss should occur, which was not occasioned by the building newly erected, the insurers would have no cause to complain of the act of

5. The undertaking of the assured correctly to describe adjacent buildings near those insured, and the uses made thereof, did not imply an obligation that other buildings within that distance should not be erected; though if injury did result to the assurers from the subsequent erection of buildings by the assured, it might vacate the policy. (2 Hall's Rep. 632; 2 Phillips on Insurance, 177.)

the assured, but ought in justice to make good the loss. But if this act of the assured was the cause of the loss, and produced it, then, as it resulted from his own unauthorized act involving a breach of those obligations which the observance of good faith imposed, the insurers ought not in justice to be liable for it, nor would the law impose any obligation upon them to indemnify the assured for a loss occasioned by his own misconduct. (*Stebbens* v. *Globe Insurance Company*, 2 *Hall's Rep.* 632 ; 2 *Phillips on Insurance*, 177.)

According to this doctrine the ground of defense contained in the answer, to which the second demurrer of the plaintiff was filed, was valid, and sufficient to defeat the plaintiff's action. As the demurrer was overruled, and the plaintiff did not indicate any desire to try the issue presented by the answer, but abided by his demurrer, the judgment for the defendant would be right, and could not be reversed, were it not that the court, by deciding that it had no jurisdiction of the cause, deprived the plaintiff of all right to proceed any further, and of course he was not bound to notice the other matters of defense, nor demand a trial of them by a jury, which the court, according to the decision given by it on the question of jurisdiction, could not have allowed. Nor should the second demurrer have been acted on by the court, as the effect of its decision upon the first demurrer was to put the plaintiff out of court. We shall, therefore, regard the judgment as having been pronounced upon the question of jurisdiction made under the first demurrer, and the parties as occupying the same attitude they would have done, if the court had not acted at all, upon the second demurrer.

Wherefore the judgment is reversed, and cause remanded for further proceedings in conformity with this opinion.

*Davis*, for plaintiff; *Brown & Williams*, for defendants.