42 So.2d 490

## LYNN et al. v. WRIGHT.

### 4 Div. 564.

Supreme Court of Alabama.

Oct. 13, 1949.

J. W. Brassell, of Phenix City, for petitioners.

A. L. Patterson, of Phenix City, opposed.

FOSTER, Justice.

Petitioner insists that in this case due faith and credit was not given to a decree of a court of Texas awarding by agreement of the parties the custody of a child in 1945 to its paternal grandmother who resided in Russell County, Alabama, with whom the child was then residing. The decree was rendered in a suit for divorce by the mother of the child. The child was not in Texas at the time. A previous judgment in a habeas corpus proceeding had been rendered in the Circuit Court of Russell County, Alabama, awarding the custody to said grandmother. The Court of Appeals in this case is holding that the Texas court had no jurisdiction to make the award because the child was then residing in Alabama, where the father resided, and the Circuit Court of Russell County had assumed jurisdiction of its custody and, therefore, it retained exclusive jurisdiction.

Both reasons assigned by the Court of Appeals may be sound, but if unsound and if the Texas court had jurisdiction to make the award by consent of both parties that would not prevent the Circuit Court of Russell County, Alabama, where the child continues to reside, from exercising jurisdiction and modifying such decree for the present welfare of the child on the

principle of the case of New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133; Little v. Little, 249 Ala. 144, 30 So.2d 386, 171 A.L.R. 1399; Cleckley v. Cleckley, 250 Ala. 78, 33 So.2d 338; compare, Ferguson v. Ferguson, 251 Ala. 645, 38 So.2d 853; Moss v. Ingram, 246 Ala. 214, 20 So.2d 202.

 This principle does not conflict with that by which, in general, the power of a court of competent jurisdiction over a subject matter is retained when it once attaches.

That is the only theory on which petitioner claims error in the opinion of the Court of Appeals, and we cannot agree there is such error.

Writ denied.

BROWN, LAWSON and SIMPSON, JJ., concur.