109 So.2d 919

**SOUTHERN RAILWAY COMPANY**

**v.**

**Roy TERRY.**

**8 Div. 957.**

Supreme Court of Alabama.

Feb. 12, 1959.

Mitchell & Poellnitz, Florence, for petitioner.

Thos. C. Pettus, Moulton, opposed.

MERRILL, Justice.

Plaintiff sued to recover damages sustained when his tractor was struck by defendant's train at a crossing. The complaint contained two counts, 1 charging negligence in failing to ring the bell and sound the horn for the crossing, 2 charging negligence in the operation of the train. Judgment was for the plaintiff and defendant appealed.

The Court of Appeals held that the defendant was entitled to the affirmative charge as to Count 1 because of plaintiff's contributory negligence. We are not concerned with that part of the holding.

It was also held that plaintiff was entitled to recover under Count 2 on the theory of subsequent negligence.

Defendant argued in the Court of Appeals and here that the question of subsequent negligence is not involved in this review because the case was tried on the theory of initial negligence of defendant and contributory negligence of plaintiff, and was submitted to the jury only on this theory. The Court of Appeals disagreed and quoted from the record as follows:

"Mr. Mitchell: We are prepared to plead in short by consent, and have prepared that pleading in writing, if it is satisfactory with the court.

"The Court. It is satisfactory for you to plead that if you want to plead in that manner.

"Mr. Mitchell: What we had in mind was the general issue on contributory negligence, and if you rely on subsequent negligence, we rely on subsequent contributory negligence. I would like to have it in the record."

The record further shows that in his oral charge, the court instructed the jury:

"In Count 2 he says, he sets up that the defendant's agents or servants, while operating the train, were negligent. They have the right to make a claim for any negligence which the evidence reasonably satisfies you existed on that occasion, and which proximately caused the damage to the plaintiff. The law does not require him to set out what the negligence was.

\*   \*   \*   \*   \*   \*

"There is another kind of negligence. Negligence, as a general rule, set up in Count Two, is doing that which a reasonably prudent person would not have done, or failing to do that which a reasonably prudent person would have done, if so situated as the parties in question. So it is a lack of due care on the part of the individual. We are familiar with the term; we're probably not familiar with the definition."

The Court of Appeals then stated:

"The above we think was sufficient to submit to the jury the issue of subsequent negligence."

With this we cannot agree.

The first three quoted statements show on their face to have been made in the settlement of the pleadings. The statements merely show that defendant intends to rely on subsequent contributory negligence *if* plaintiff relies on subsequent negligence. The record affirmatively shows that this colloquy took place before the jury was qualified. Certainly, it takes more than this to support a finding that the case was actually tried on the theory of subsequent negligence.

The other extracts from the opinion of the Court of Appeals are from the oral charge of the court. The first is a correct statement and could cover simple negligence or subsequent negligence, but the statement alone cannot be held to be a charge on the issue of subsequent negligence.

The second extract from the charge contains a definition of simple negligence.

The first sentence—"There is another kind of negligence"—indicates that the court had just finished speaking of some other type of negligence. We have gone to the record to see if that statement could possibly have been reference to subsequent negligence. Where there is no dispute about the facts (here, the only issue is the content of the court's oral charge), we examine the record on certiorari for a more complete understanding of those features of it which are treated. Cranford v. National Surety Corp., 231 Ala. 636, 166 So. 721; Brown v. State, 249 Ala. 5, 31 So.2d 681; Vardaman v. Benefit Ass'n of Ry. Employees, 263 Ala. 236, 82 So.2d 272; Hamm v. State, 264 Ala. 366, 87 So.2d 865. But, the other kind of negligence about which the court had charged was that which arises from a violation of the law, i. e., the failure to sound the proper signals.

There just was no reference in the oral charge to subsequent negligence. The jury is bound by the theory of the law as charged by the judge, and they have no right to depart from it, even though the theory may be erroneous. New Hampshire Fire Ins. Co. v. Curtis, 264 Ala. 137, 85 So. 2d 441; or as stated in City of Anniston v. Oliver, 28 Ala.App. 390, 185 So. 187, 190, "It is the duty of the court to declare the law, and it is the duty of the jury to follow the law as given them in charge by the court."

The case of Seaboard Air Line Ry. Co. v. Lowe, 223 Ala. 542, 137 So. 448, 449, is exactly in point. There the court, in reversing the judgment for appellee, stated:

"The complaint was for simple negligence, and the pleas were the general issue and in short by consent.

"The cause will be considered in this court on the theory on which trial was had. Though the negligence of an engineer subsequent to the discovery of plaintiff's peril can be given in evidence under a count declaring for simple negligence (Louisville & N. R. Co. v. Calvert, 172 Ala. 597, 55 So. 812; Southern Ry. Co. v. Cates, 211 Ala. 282, 284, 100 So. 356, and authorities), a case will not be reviewed here on a theory different from that on which the trial was had. Hanover Fire Ins. Co. v. Wood, 213 Ala. 132, 137, 104 So. 224, 39 A.L.R. 1436; Sovereign Camp, W. O. W. v. Carrell, 218 Ala. 613, 119 So. 640.

"No issue of subsequent negligence was submitted to the jury, and the oral charge of the court confined and submitted the case to and on the issues of fact of the original negligence vel non of defendant, and that of whether there was contributory neligence of plaintiff. Appellee requested no instructions as to subsequent negligence."

There being no instructions or requested instructions to the jury as to subsequent negligence, we hold that the verdict and judgment cannot be upheld on that theory.

We are not to be understood as holding that the facts as stated by the Court of Appeals would not bring the instant case within the cited cases of Gulf, M. & O. R. Co. v. Sims, 260 Ala. 258, 69 So.2d 449, and Southern Ry. Co. v. Hughes, 267 Ala. 418, 103 So.2d 324, if the cause had been tried and submitted to the jury on the theory of subsequent negligence. The original records of each of those cases show that the question of subsequent negligence was fully and comprehensively covered in the oral charge of the trial court.

In view of the foregoing, it is unnecessary for us to discuss petitioner's argument that since the Court of Appeals held that it was entitled to the requested affirmative charge as to Count 1, it was reversible error to receive a general verdict as to both counts because the verdict could very possibly have been based upon Count 1.

The judgment of the Court of Appeals is reversed and the cause is remanded.

Reversed and remanded.

All the Justices concur.