231 So.2d 111

Robert BILLINGSLEY

v.

Ann L. BILLINGSLEY.

6 Div. 625.

Supreme Court of Alabama.

Jan. 22, 1970.

Knight & Knight, Cullman, for appellant.

Thomas E. Snoddy, Double Springs, for appellee.

HARWOOD, Justice.

On 9 July 1966, Ann L. Billingsley, a bona fide resident of Winston County, Alabama, filed a bill for divorce against Robert Billingsley, a resident of Broward County, Florida. The divorce was sought on the grounds of abandonment.

The bill further averred that the complainant and respondent had purchased some 75 acres of land in Winston County as tenants in common on which they had built a house and which was occupied as their home at the time the respondent abandoned the complainant.

The complainant prayed for a decree of divorce, and further that the title to the 75 acres held by complainant and respondent as tenants in common, including the house, be vested in the complainant, and the respondent be divested of any right, title, or claim to the property.

Service on the respondent husband was had by registered mail on 12 August 1966.

On 26 July 1966, Robert Billingsley filed a bill in the Circuit Court of Broward County, Florida, against Ann L. Billingsley seeking a divorce on the grounds of cruelty and habitual intemperance.

Ann L. Billingsley was served constructively in this suit, and it was stipulated in the hearing in the present proceedings that each respective court had jurisdiction of the divorce proceedings filed therein.

On 30 August 1966, the Alabama attorney for Ann L. Billingsley appearing specially for the sole purpose, and for no other, filed a plea in abatement in the Florida court, basing such plea on the ground that at the time of the filing of the suit in the Florida court, the divorce suit by Ann L. Billingsley was pending in the Circuit Court of Winston County, Alabama, in Equity. The attorney for Robert Billingsley filed a motion to strike this plea in abatement.

The Florida Chancellor granted the motion to strike on the ground that the Alabama attorney was not authorized to practice in the State of Florida, and the plea was therefore a nullity. The Chancellor directed the clerk to enter a decree pro confesso against the respondent Ann L. Billingsley on 16 September 1966, unless she appear in person, or through an attorney authorized to practice in Florida, and plead to the complaint on or before 15 September 1966. The clerk was ordered to notify Ann L. Billingsley and her Alabama attorney by mailing a copy of the order to them on the day of the order.

No further appearance in the Florida proceedings was made by Ann L. Billingsley, and on 16 September 1966, the clerk of the Florida court entered an order that the bill be taken as confessed and that the cause proceed ex parte to a final hearing.

The cause was set for hearing by the Florida judge for 19 September 1966, and after a hearing on that day the court entered a judgment and decree granting to Robert Billingsley a divorce matrimonii from Ann L. Billingsley.

In the Alabama proceedings the respondent husband having filed no appearance, the cause was submitted on motion for a decree pro confesso with a proper note of submission, and on 29 September 1966, a hearing was had and a decree was entered granting the complainant wife a divorce a vinculo matrimonii. The Chancellor further decreed that the title to the described Alabama land held by the complainant and respondent be vested wholly in the complainant wife, and that the respondent husband be divested of any right, title, or interest therein.

Thereafter on 2 May 1967, Robert Billingsley filed a bill in the nature of a bill of review to have the decree rendered by the Alabama Chancellor set aside. Ann L. Billingsley filed an answer to this bill, and after a hearing the Chancellor entered an order of denial. This appeal is from that order.

The appellant's assignments of error, and brief and argument, are all directed toward the contention that the Florida decree was denied its true recognition under the Full Faith and Credit provisions of the United States Constitution; that had full faith and credit been accorded the Florida decree, then that decree was res adjudicata of the Alabama proceedings, and the parties having been divorced under the Florida decree, the Alabama court was without authority to entertain the suit for divorce or to make any award affecting the Alabama land since alimony can be awarded only in connection with a divorce.

It is perfectly clear under the developed doctrines that a court may have full power to grant a divorce to a person domiciled therein even though the service on the other party be constructive. This, for the reason that a sufficient part of the marriage res accompanies the domiciliary complainant, and authorizes an in rem action to determine the status of such res.

Alimony, however, is a personal action and a court cannot properly award a personal judgment for alimony unless personal jurisdiction be acquired of the respondent, or, as here, property be within the jurisdiction of the granting state. The decree in the present case pertaining to the land situated in Alabama was in effect a decree affecting the res or status of the Alabama land which was within the power of the Alabama court to adjudicate.

■ The Alabama land having been brought within the jurisdiction of the Chancellor, he had the power to determine the interrelated equities of the interest and of the parties to the land. Owens v. Owens, 281 Ala. 239, 201 So.2d 396.

The question with which we are now concerned has been before numerous courts on many occasions. The decisions are diverse, and the bases on which these decisions were reached are as varied as the conclusions reached. As stated by an Ohio court when considering a case involving a covenant in restraint of trade:

> "This is not one of those questions on which the legal researcher cannot find enough to quench his thirst. To the contrary there is so much authority it drowns him. It is a sea—vast and vacillating, overlapping and bewildering. One can fish out of it any kind of strange support for anything, if he lives so long." Arthur Murray Dance Studios v. Witter, Ohio Com.Pl., 105 N.E.2d 685.

We refer the interested student to an annotation in 28 A.L.R.2d pps. 1378 through 1419, for a comprehensive discussion and abundant citations of authorities concerning the many faceted principles involved in the question now being considered. Due regard to brevity compels us to confine this opinion to what we consider to be Alabama law governing and directing our conclusions.

Counsel for appellant argues that our decisions are to the effect that there is no jurisdiction to grant permanent alimony except in a divorce proceeding. In this general statement counsel for appellant is correct. Penn v. Penn, 246 Ala. 104, 19 So.2d 353; Mason v. Mason, 276 Ala. 265, 160 So.2d 881.

A bare enunciation of this principle does not, however, answer the question of whether the Alabama court lacked jurisdiction to entertain Mrs. Billingsley's divorce action under the circumstances shown, and perforce to enter a decree affecting the title to land situated in Alabama.

■ Jurisdiction to award permanent alimony is dependent upon the existence of a marital relation at the time the action is instituted. Boone v. Boone, 192 Ga. 579, 15 S.E.2d 868. In the present case the suit for divorce, and request that the title to the Alabama land be vested in the wife, had been instituted prior to the institution of the Florida proceedings for divorce by the husband.

■ When a court of equity acquires jurisdiction of a cause for any purpose, it will retain it and do complete justice between the parties, enforcing, if necessary, legal rights and applying legal remedies to accomplish that end, and that jurisdiction is not ousted because it does not have power to do all the things requested. White v. White, 181 Va. 162, 24 S.E.2d 448.

■ Jurisdiction of the Alabama court over the subject matter of the action continued, notwithstanding the Florida decree except in so far as recognition of the marital capacity of the parties is necessitated by the Full Faith and Credit provisions of the Federal Constitution. Esenwein v. Pennsylvania, 325 U.S. 279, 65 S.Ct. 1118, 89 L.Ed. 1608, 157 A.L.R. 1396; Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561, 1 A.L.R.2d 1412; Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279, 143 A.L.R. 1273.

A century ago, in Turner v. Turner, 44 Ala. 437, this court held that a wife, having

instituted a divorce proceeding in Alabama where she was domiciled, and which was the matrimonial domicile, could not be thwarted in forwarding her divorce action in this state despite a plea of res adjudicata setting up a decree of divorce awarded to the husband in an ex parte divorce proceeding in Indiana, rendered during the pendency of the Alabama proceedings. In reaching its conclusion, the court stated:

"The Indiana divorce in favor of the husband, Matthew Turner, against his wife, the complainant, may protect him upon a charge of bigamy, should he marry again in this State.—Thompson v. The State, 28 Ala. 12. But without stopping to inquire whether it was obtained by him by fraud, and therefor is vicious on that account or not, it certainly cannot effect the rights of the complainant, except her right in the husband as husband. If it is valid, it unmarries him and sets him free from his marital vows to her. He is no longer the complainant's husband. But it does not settle her right to alimony; it does not settle her right to dower in his lands, and her statutory right to distribution of his property in this State, in the event she should survive him, nor any other interest of a pecuniary character she may have against him.—Webster v. Reid, 11 How. [437] 460, (13 L.Ed. 761); Nations v. Johnson, 24 How. [195] 206, (16 L.Ed. 628); Boswell's Lessee v. Otis, 9 How. [336] 350, (13 L.Ed. 164); Mills v. Duryee, 7 Cranch 481, (3 L.Ed. 411); D'Arcy v. Ketchum, 11 How. 171, 172, (13 L.Ed. 648); McElmoyle v. Cohen, 13 Pet. 330, (10 L.Ed. 177); 2 Amer.Lead.Cases, 551; 3 Phill. Ev. on C. and H. notes, p. 353, note 636. It is the duty of the State to protect its own citizens, within its own borders. This is the natural compensation for allegiance. This high duty extends to all the pecuniary rights of the citizens, as well as to the rights of security of person.—Foster's Cr. Cas. p. 188; Story, J., in U. S. v. Rice, 4 Wheat. 246, 254, (4 L.Ed. 562). No obligation of comity is paramount to this duty. Without a constant and effective exertion of it, citizenship would become a farce.—Reid v. U. S., 3 Quart. Law Journ. p. 122; S.C. 4 Div.C.C. 21; U. S. v. More, 3 Cranch 160, (2 L.Ed. 397), note. The wife is as much the citizen of the State as the husband, and is entitled to the protection of its laws to the same extent, so long as she remains within its jurisdiction. It would be a scandal to justice to imperil her and sacrifice her most important and cherished rights upon a mere technicality; a technicality that often contradicts the truth. When her protection requires it, it would be cruelly unjust for the State, of her actual residence and domicil, to repudiate its own right of jurisdiction to give her aid. I therefore think that the better opinion is, that she has the right to file her bill here, and to all the relief that the court could give her, notwithstanding her husband might not be domiciled in this State at the commencement and during the whole pendency of her litigation with him. 2 Bish.Mar. and Div. § 156, 4th ed.; Cheever v. Wilson et al., Sup.Court U.S., Dec. term, 1869, (9 Wall. 108, 19 L.Ed. 604); Ditson v. Ditson, 4 R.I. 87, 2 Bish.M. and Div. § 124, et seq."

Had the decree in this case had the effect of denying in toto the Florida decree, a different question would have been presented. It in no wise lessened the marriage capacity of either party, but rather fortified the Florida decree granted the husband by awarding a divorce to the Alabama wife. His marital capacity was not affected thereby.

The procedure of permitting the wife to continue her divorce action against a husband who secured an ex parte divorce in another state for the purpose of awarding alimony, or settling property interests, has been criticised by one court as "killing something which is already dead" and a "useless formula" since the same result could be obtained by allowing the wife to proceed for alimony alone. See Thurston v. Thurston, 58 Minn. 279, 59 N.W. 1017.

While such simplified procedure has much to recommend it, it invites other ser-

ious questions as to the propriety of its use in those jurisdictions holding the view that permanent alimony can be de-. creed only in connection with a divorce. We know of no constitutional objection to the procedure followed in Turner v. Turner, supra.

As stated in Wright v. Wright, 24 Mich. 180, when considering a question similar to the one now under consideration:

" * * * the case would be such that both that state (Indiana) and this had authority in respect to the marriage relation, to determine upon its validity, or to dissolve it, so far as the party resident within its own limits is concerned. If one proceeds first, there is no legal impediment to the other's taking like steps afterwards, if it appears important to the protection of any property or other rights." (Par. ours.)

It is our conclusion that the decree of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and MADDOX, JJ., concur.