287 So.2d 438

**In re Glenn D. McDUFFIE**

**v.**

**Barbara S. McDUFFIE.**

**Ex parte Barbara S. McDUFFIE.**

**Civ. 257.**

Court of Civil Appeals of Alabama.

Sept. 5, 1973.

Rehearing Denied Sept. 19, 1973.

Zeanah, Donald & Lee, Tuscaloosa, for petitioner.

Norma Holcombe, Tuscaloosa, for respondent.

PER CURIAM.

This is an original petition in this court by Barbara S. McDuffie for a writ of mandamus to the Honorable James D. Buck as Judge of the Circuit Court of Tuscaloosa County to require him to vacate his order of August 3, 1973, whereby he denied the petitioner's motion to dismiss, and order him to sustain said motion.

The case is submitted here on petition for mandamus and the answer of Judge Buck as respondent.

The pertinent facts as presented to and understood by this court are as follows:

Petitioner and respondent were husband and wife who were residing in California.

On April 6, 1973, the petitioner-wife filed a suit for divorce in the Superior Court of Ventura County, California, from respondent-husband. Husband was personally served in California on April 16, 1973.

Some ninety odd days thereafter, on June 12, the husband, charging wife had abandoned him and their two minor children, took the children from California and brought them to Tuscaloosa County, Alabama, to the home of his father and mother.

On June 13, 1973, the husband filed a suit for divorce against the wife in the Circuit Court of Tuscaloosa County, Alabama, in Equity, and obtained an *ex parte* order on the same day granting temporary custody of the parties' minor children to the husband's parents.

On June 15, 1973, the petitioner was personally served in Tuscaloosa County, Alabama, with a copy of the bill of complaint and order granting temporary custody.

On June 22, 1973, the California court ordered husband to appear at a hearing set for July 10, 1973, regarding the pending action and ordering that the children be returned to the wife. Husband was served on July 5, 1973.

On July 2, 1973, the wife filed a special appearance in the Tuscaloosa County Circuit Court and filed a plea in abatement asserting her pending suit in Ventura County, California, and prior service on the husband.

On July 5, 1973, the husband filed in Tuscaloosa County Circuit Court a motion to strike the plea in abatement and the

court set the date for hearing the motion to be July 31, 1973.

On July 10, 1973, the California court held a hearing and made several findings dealing with support and custody while also ordering the husband to deliver the children to the wife's custody until trial.

Also, on July 10, the husband filed in Ventura County, California, Superior Court a motion contesting the jurisdiction of the California court and a hearing was set for July 27, 1973.

On July 20, 1973, the wife filed in Tuscaloosa County Circuit Court a motion to dissolve the prior June 13 decree of temporary custody and stated that a hearing on temporary custody had been held in California on July 10 and orders issued. The wife also filed a motion to strike the motion by her husband of July 5.

On July 27, 1973, the California court held that it did have jurisdiction of the cause and made several other findings. The husband personally appeared to contest the jurisdiction.

On August 3, 1973, the Tuscaloosa County Circuit Court entered an order, based on its July 31, 1973, hearing and actions by the California court, stating that the motions filed by the petitioner-wife were denied and directing that an answer to the husband's bill be filed.

■ We are clear to the conclusion that mandamus in this instance is the proper remedy, as the Supreme Court of Alabama has stated that the writ may be employed to review the ruling in divorce cases on a plea in abatement raising the question of venue, the theory being that there is a public interest involved in such cases. See Ex parte Weissinger, 247 Ala. 113, 22 So.2d 510; Ex parte Davis, 249 Ala. 221, 30 So. 2d 648; Ex parte Aufill, 268 Ala. 43, 104 So.2d 897.

The question of jurisdiction is determinative of this case and its resolution requires consideration. Upon careful review of the facts of the case, it is shown that on June 13, when the respondent-husband filed his action in the Alabama court, the petitioner-wife had already filed an action in the California court, on April 6, and the respondent had been served personally on April 17. The question then presented is which court has jurisdiction over the case.

■ The principle is well known that where two or more courts have concurrent jurisdiction, the one which first takes cognizance of the cause of the action has the exclusive right to entertain and exercise such jurisdiction to the final determination of the action and enforcement of its decrees. See 21 C.J.S. Courts § 492; Ex parte Burch, 236 Ala. 662, 184 So. 694; Clements v. Barber, 49 Ala.App. 266, 270 So.2d 815.

In construing this principle one must determine what constitutes taking cognizance of a cause of action. This determination was aptly made in United States v. Lee, 84 F. 626, where Judge Wellborn says:

"So that, it may, I think, be fairly stated that, in applying the rule that, where different courts have concurrent jurisdiction of the same controversy, that court which first takes cognizance will hold it until the litigation is finally disposed of, the authorities uniformly hold that jurisdiction is acquired, not by filing the bill or complaint, but by *service of process*. (Citations omitted)" (Emphasis ours)

■ Therefore, it is clear in this instance that since suit was filed in California and service of process was had personally on the husband before the Alabama action of June 13, the California court was the first to take cognizance of the cause, and thereby acquired the right to exercise jurisdiction in the case.

The reason for the above principle that the first court taking cognizance of an action has jurisdiction is to insure the proper and orderly administration of laws. It prevents expensive and dangerous conflicts of jurisdiction and process, which might

easily result by one party filing in one forum and the other party filing in another. Ex parte Burch, *supra*. As stated in Gay v. Brierfield Coal & Iron Co., 94 Ala. 303, 318, 11 So. 353, 359:

"All the authorities recognize the importance of carefully preserving the boundary line between courts of concurrent jurisdiction, in order to prevent conflicts, and to preserve in harmony their relations to each other. . . . To prevent abuse of the principle, and the successful perpetration of injustice or fraud, through forms of law, courts accord to suitors and litigants all necessary latitude, and they are not restricted to any one forum for the adjudication of any question or right, provided only that such adjudications are not upon questions pending in another concurrent court which had prior jurisdiction, . . ."

■ The able counsel for respondent argue that the Alabama order of June 13 relating to temporary custody of the children is a valid exercise of the court's power over minor children within its jurisdiction. This court is fully aware of what is often termed the "emergency doctrine," but we feel, in this instance, as seen from the facts below, that such emergency did not exist. We particularly note that the children were in California, one at school and one with a baby-sitter. Respondent was residing and employed in California at the time he removed the children to Alabama and still resides and is employed there, though he contends domicile in Alabama. If any emergency was present in Alabama it was brought about by the intentional removal of the children from California to Alabama by respondent and his subsequent return to California. If any emergency existed, it existed in California, not Alabama. The California court was the competent court to grant any needed relief regarding the children. See Clements v. Barber, *supra*. Indeed, the California court might well have entered the same order which the Alabama court entered on June 13, 1973, had it been so presented. Since the California court had acquired jurisdiction of the case only some ninety days before the Alabama court's action, California was the proper forum in which to consider any questions concerning the custody of the children. It follows that the Alabama court, in this instance, was without jurisdiction to consider questions regarding their custody.

■ This court further takes note of the fact that the question of jurisdiction was argued and resolved in California on July 27, 1973, where the California court held that it did have jurisdiction of the cause. This determination was made after respondent had filed a motion to dismiss based on lack of jurisdiction and personally appeared before that court to so argue. We note also that the proceeding was prior to any formal determination by the Alabama court as to jurisdiction. As a result, at the time of adjudication of the motion now before this court, the California determination as to jurisdiction was *res judicata* and is entitled to Full Faith and Credit by the Alabama court. Rice v. Rice, 336 U.S. 674, 69 S.Ct. 751, 752, 93 L.Ed. 957; Ex parte Aufill, *supra*; Stallworth v. Stallworth, 272 Ala. 449, 131 So.2d 867.

We therefore must conclude that the respondent was in error in denying the motion to dismiss (formerly, before the new rules of civil procedure, a special plea as to jurisdiction) filed in the Alabama Court by the wife.

It results that the writ of mandamus is due to be granted and the respondent to vacate the ruling denying the motion to dismiss of the petitioner and to enter an order upholding her motion.

If, within ten days, upon advice of this decision, the trial court does not enter an order in conformity with the above, a writ

to effectuate such ends will issue on request of the petitioner. This action by the court would necessarily vacate those prior orders of the Circuit Court of Tuscaloosa County as they relate to this matter.

Let the writ of mandamus issue conditionally.