287 So.2d 441

**Ex parte The Honorable James D. BUCK, as Judge of the Circuit Court of Tuscaloosa County, Alabama.**
**In re Ex parte Barbara S. McDUFFIE— Petition for Writ of Mandamus to the Honorable James D. Buck, as Judge of the Circuit Court of Tuscaloosa County, Alabama.**

**SC 538.**

Supreme Court of Alabama.

Dec. 6, 1973.

Perry Hubbard, McDuffie & Holcombe, Tuscaloosa, for petitioner.

Zeanah, Donald, Lee & Williams and Wilbor J. Hust, Jr., Tuscaloosa, for respondent.

JONES, Justice.

Does a divorce-child custody action pending in one state abate a like suit in another state?[1] We answer in the negative and reverse and remand this cause to the Court of Civil Appeals. We agree with the trial court in overruling the respondent-wife's motion to dismiss (Plea in Abatement).

The Court of Civil Appeals in issuing the writ of mandamus stated:

"The question of jurisdiction is determinative of this case and its resolution requires consideration. Upon careful review of the facts of the case, it is shown that on June 13, when the respondent-husband filed his action in the Alabama court, the petitioner-wife had already filed an action in the California court, on April 6, and the respondent had been served personally on April 17. The question then presented is which court has jurisdiction over the case.

"The principle is well known that where two or more courts have concurrent ·jurisdiction, the one which first takes cognizance of the cause of the action has the exclusive right to entertain and exercise such jurisdiction to the fi-

1. For a detailed recital of the factual background giving rise to this issue, see Ex parte McDuffie [Ms.] Court of Civil Appeals, 1973, 51 Ala.App. ——, 287 So.2d 438.

nal determination of the action and enforcement of its decrees. See 21 C.J.S. Courts § 492; Ex parte Burch, 236 Ala. 662, 184 So. 694; Clements v. Barber, 49 Ala.App. 266, 270 So.2d 815."

The opinion of the Court of Civil Appeals then concluded:

"We note also that the [California] proceeding was prior to any formal determination by the Alabama court as to jurisdiction. As a result, at the time of adjudication of the motion now before this court, the California determination as to jurisdiction was res judicata and is entitled to Full Faith and Credit by the Alabama court. Rice v. Rice, 336 U.S. 674, 69 S.Ct. 751, 752, 93 L.Ed. 957; Ex parte Aufill [268 Ala. 43, 104 So.2d 897]; Stallworth v. Stallworth, 272 Ala. 449, 131 So.2d 867."

We disagree that the *Burch* and *Clements* "concurrent jurisdiction-abatement" doctrine is determinative of this case. Nor is the "full faith and credit"[2] principle of *Stallworth* here applicable.

In Ex parte Burch, supra, this Court was confronted with a conflict between the Circuit Court of Walker County, Alabama, and the County Court of Walker County. The prior pendency of the wife's divorce suit in the Circuit Court was considered sufficient basis to prohibit the County Court of Walker County from proceeding with the trial of a subsequent suit for divorce filed in that court by the husband. The conflict in that case was *intrastate*.

Likewise, in the case of Clements v. Barber, supra, the Court of Civil Appeals was confronted with an *intrastate* conflict. The prior pendency of an action to fix custody of a minor in the Family Court of Jefferson County was considered sufficient to prohibit the Circuit Court of Jefferson County, Alabama, from acting upon an action to determine the custody of such child.

■ This Court has long been committed to the proposition that the pendency of a suit upon the same cause of action in *another state* is no cause of abatement of a suit instituted in this state. In Humphries v. Dawson, 38 Ala. 199, this Court stated:

"If there be any reason which renders this principle [concurrent jurisdiction] inapplicable in the present case, a fatal objection to the plea is found in the other principle, that the pendency of a suit in another State is no cause of abatement of a suit instituted in this State."

. This holding is in accord with the weight of authority and is equally applicable to actions for divorce. See 24 Am. Jur.2d, Divorce and Separation, § 188; 27A C.J.S. Divorce § 99; Cox v. Cox, 234 Miss. 885, 108 So.2d 422.

■ The opinion of the Court of Civil Appeals takes note of the fact that the question of jurisdiction of that court was argued and resolved in California on July 27, 1973. The California Court determined that it did have jurisdiction of the cause and such determination was made after the husband (respondent there) had filed a Motion to Dismiss based on lack of jurisdiction and had personally appeared before that court to so argue. The Court of Civil Appeals then concludes that the California determination as to jurisdiction is *res judicata* and entitled to Full Faith and Credit by the Alabama Court, citing our case of Ex parte Aufill, supra, and Stallworth v. Stallworth, supra. This conclusion does not militate against the result which we reach here. The fact that the California court has jurisdiction does not preclude an Alabama court from also having jurisdiction where one of the parties to the marriage is domiciled within this state and the children are physically present here.

We should perhaps note that in both Ex parte Aufill, supra, and in Stallworth v. Stallworth, supra, this Court concluded that Alabama was precluded from exercising jurisdiction. Such determination was not made upon the ground that some other

---

2. Article 4, Section 1, Constitution of the United States.

state had jurisdiction of an action for divorce between the same parties, but rather upon the ground that the court of a sister state having jurisdiction of the action had exercised that jurisdiction by entering a binding judgment or decree.

■ Where there is no dispute about the facts, we may examine the record for a more complete understanding and amplification of those features of the record which have been treated in the opinion of the Court of Civil Appeals. Johnson v. State, 277 Ala. 655, 173 So.2d 824; Helms v. State, 270 Ala. 603, 121 So.2d 106; Southern Railway Company v. Terry, 268 Ala. 510, 109 So.2d 919; Vardaman v. Benefit Association of Railway Employees, 263 Ala. 236, 82 So.2d 272; Cranford v. National Surety Corporation, 231 Ala. 636, 166 So. 721; Hood v. State, 230 Ala. 343, 162 So. 543.

■ Pursuant to this authority, we have examined the certified copy of the mentioned California decree of July 27, 1973. Although the hearing precipitating this decree appears to have been held on July 27, 1973, the decree does not appear to have been signed until August 6, 1973, and does not appear to have been filed with the Clerk of the California Court until August 8, 1973. This decree finds that the wife, Barbara McDuffie, is domiciled in California, but further finds that the husband is domiciled in Alabama. The court finds jurisdiction of the action by the California court by virtue of the wife's domicile and residency in the state.

The Circuit Court of Tuscaloosa County also finds that the husband was a bona fide resident and citizen of Tuscaloosa County, Alabama, and was domiciled in Alabama, having been born there and never having abandoned such domicile of origin. From the opinion of the Court of Civil Appeals, it is evident that the children were physically present with their father within the State of Alabama at the time the Circuit Court of Tuscaloosa County awarded the temporary custody to their

grandparents. It further appears from this opinion that the husband violated no order of the California court in bringing the children to Alabama, since no order, temporary or otherwise, had been entered by the California court prior to June 13, 1973, with regard to custody or any other aspect of the case.

In the case of Billingsley v. Billingsley, 285 Ala. 239, 231 So.2d 111, Mr. Justice Harwood, speaking for the Court, states:

"It is the duty of the State to protect its own citizens, within its own borders. This is the natural compensation for allegiance. This high duty extends to all the pecuniary rights of the citizens, as well as to the rights of security of person.—Foster's Cr.Cas. p. 188; Story, J., in U. S. v. Rice, 4 Wheat. 246, 254, (4 L.Ed. 562). No obligation of comity is paramount to this duty. Without a constant and effective exertion of it, citizenship would become a farce.—Reid v. U. S., 3 Quart. Law Journ. p. 122; S.C. 4 Div. C.C. 21; U. S. v. More, 3 Cranch [159] 160, (2 L.Ed. 397), note."

In the case of Cox v. Cox, supra, the Supreme Court of Mississippi held that the Chancery Court of Bolivar County, Mississippi, had the right to determine the custody of the child of the marriage despite a prior pending Pennsylvania divorce action where the husband's domicile was Mississippi and the child was physically present there. In so holding, the Supreme Court of Mississippi stated:

"In brief, at the time of the trial of the divorce action brought by appellee in the Chancery Court of Bolivar County, there was a pending but undecided divorce proceeding in Pennsylvania which had been in process of litigation for about 3½ years. Appellee established an adequate legal residence in Mississippi, bought a home here, and he and his parents were caring for his daughter. The trial court was amply warranted, considering all of these circumstances, in refusing to apply the doctrine of comity.

It is well-established that the pendency of an action for divorce in another state is not a bar, nor a cause for a stay of proceedings, in a similar action between the same parties in the state, where jurisdiction of defendant is obtained by personal service of process. 27 C.J.S. Divorce § 99; 1 C.J.S. Abatement and Revival § 75; 1 Am.Jur., Abatement and Revival, Sec. 39. A stay is not a matter of right, but rests within the sound discretion of the court. 1 C.J.S. Actions § 133(c); see Streckfus Steamers v. Kiersky, 1935, 174 Miss. 125, 141, 163 So. 830."

Professor Leflar sums up the "prior pendency" rule: "The mere pendency of an action in one state has no effect upon the right to bring an action in another. Whichever suit is first carried to judgment then bars the other, but it is only the rendition of judgment which has that effect." Leflar, American Conflicts Law (Student Edition), § 73, p. 169.

We conclude that the Circuit Court of Tuscaloosa County has jurisdiction of the suit; that the pendency of the California action does not constitute grounds for the abatement of the Alabama suit; that the Circuit Court of Tuscaloosa County did not abuse its discretion in entertaining jurisdiction and proceeding to grant an order awarding temporary custody; and did not err in overruling the wife's motion to dismiss.

 Another reason why the Alabama court had jurisdiction is that the equity courts in this state are always open for the protection of minors, Harris v. Harris, 251 Ala. 687, 39 So.2d 232; and any pleading which shows on its face that the welfare of an infant requires an order with respect to its custody or support is sufficient to invoke this jurisdiction. Tcherneshoff v. Tcherneshoff, 283 Ala. 700, 220 So.2d 888; Scott v. Scott, 247 Ala. 598, 25 So.2d 673. See Lynn v. Wright, 252 Ala. 606, 42 So.2d 490. Here the allegations of the petition to the Circuit Court of Tuscaloosa County show that the minor children are present in Tuscaloosa County; that the whereabouts of their mother is unknown; that the father's domicile is Tuscaloosa County; that he is currently stationed in California as a member of the armed forces of the United States; and that the grandparents are resident citizens of Tuscaloosa County.

The judgment of the Court of Civil Appeals is reversed and the cause is remanded to that court.

Reversed and remanded with instructions to enter an order consonant with this opinion.

HEFLIN, C. J., and MERRILL, COLEMAN, HARWOOD, BLOODWORTH, McCALL, and FAULKNER, JJ., concur.

MADDOX, J., concurs specially.

MADDOX, Justice (concurring specially).

I agree with most of what the majority has said and concur in the result reached, but wish to point out some areas of the majority opinion with which I disagree.

As I view the facts as set out in the opinion of the Court of Civil Appeals, the California action was begun first. Custody of the children was part of the relief requested in that action. The California court had jurisdiction. The majority does not question the fact that the California court had jurisdiction, but holds that the prior pendency of the California suit does not bar the prosecution of the Alabama action. I agree with this. Consequently, I disagree with the Court of Civil Appeals that the Alabama action should have been dismissed. However, that does not mean that the Alabama action should not have been stayed. The Court of Civil Appeals found, as a fact, that there was *no emergency* involved which would have quickened the right of the Alabama court to proceed. The Court of Civil Appeals found:

"The able counsel for respondent argue that the Alabama order of June

13 relating to temporary custody of the children is a valid exercise of the court's power over minor children within its jurisdiction. This court is fully aware of what is often termed the 'emergency doctrine,' but we feel, in this instance, as seen from the facts below, that such emergency did not exist. We particularly note that the children were in California, one at school and one with a babysitter. Respondent was residing and employed in California at the time he removed the children to Alabama and still resides and is employed there, though he contends domicile in Alabama. If any emergency was present in Alabama it was brought about by the intentional removal of the children from California to Alabama by respondent and his subsequent return to California. If any emergency existed, it existed in California, not Alabama. The California court was the competent court to grant any needed relief regarding the children. See Clements v. Barber, supra. Indeed, the California court might well have entered the same order which the Alabama court entered on June 13, 1973, had it been so presented. Since the California court had acquired jurisdiction of the case only some ninety days before the Alabama court's action, California was the proper forum in which to consider any questions concerning the custody of the children."

Based upon this finding of "no emergency," I believe the Court of Civil Appeals could have ordered the Tuscaloosa court to stay its proceedings until the California court could proceed to a judgment on the custody issue. Alabama cases seem to support my view that when proceedings involving child custody are pending both in Alabama and a foreign jurisdiction, the principle of comity should be applied. Moss v. Ingram, 246 Ala. 214, 20 So.2d 202 (1944); Little v. Little, 249 Ala. 144, 30 So.2d 386 (1947); State v. Black, 239 Ala. 644, 196 So. 713 (1940).

In Moss v. Ingram, this Court said, quoting from a Michigan case [Maclean v. Speed, 52 Mich. 257, 18 N.W. 396]:

" 'It is a familiar principle that when a court of competent jurisdiction *has become possessed of a case its authority continues, subject only to appellate authority, until the matter is finally and completely disposed of, and no court of coordinate authority, is at liberty to interfere with its action.* The principle is essential to the proper and orderly administration of the laws; and while its observation might be required on the grounds of judicial comity and courtesy, it does not rest upon such consideration exclusively, *but is enforced to prevent unseemly, expensive, and dangerous conflicts of jurisdiction, and of process.*' [239 Ala. 644, 196 So. 715.]" [Emphasis added.]

The Court of Civil Appeals has reviewed the record in this case and determined that there was no emergency involved. If that finding is correct, I believe the spirit of our child custody cases is to the effect that even though Alabama courts have jurisdiction, they should refuse to exercise it, except in cases where an emergency exists, because "when a court of competent jurisdiction has become possessed of a case its authority continues . . . and no court of co-ordinate authority, is at liberty to interfere with its action." Moss v. Ingram.

I fully recognize that in the cases I cite there was an order granting custody. Here, the California court had not entered a decree awarding custody, but I do not believe the principle laid down in Moss v. Ingram is limited to cases where a custody decree is awarded. The rule of comity set down in Moss v. Ingram reads simply, "when a court of competent jurisdiction *has become possessed of a case.*" It does not say that a decree must be rendered.

Consequently, I would reverse and remand the cause to the Court of Civil Appeals with instructions to review the cause in the light of the rule of comity which I believe is appropriate.