The Circuit Court of Tuscaloosa County denied the wife's motion to dissolve a temporary restraining order and further found her in contempt of such order. The wife appeals, contending the temporary restraining order is invalid and unenforceable.
The pertinent facts reveal the following:
The parties were married to each other in Tuscaloosa, Alabama. The husband is a resident of Tuscaloosa, Alabama. They were divorced by order of the Circuit Court of Cook County, Illinois, in September, 1973. The wife was granted the care, custody, and control of the minor children. Under the Cook County decree, the husband was allowed to keep the children during the summer school vacations.
During March, 1977, the children were voluntarily sent to Tuscaloosa by the wife due to her personal problems and living conditions.
In June, 1977, the husband filed a petition for custody of the minor children in the Circuit Court of Tuscaloosa County. Suffice it to say the petition set forth the substantially changed circumstances of the parties developing since the original divorce decree. These circumstances evidenced an inability of the wife to adequately take care of the children. The husband, in his verified petition, also requested injunctive relief.
The wife had threatened to physically take the children from Tuscaloosa before the summer vacation expired, in clear violation of the Cook County decree. The husband sought injunctive relief to prevent the children from being removed from the court's jurisdiction.
The husband's petition and request for injunctive relief was heard on June 29, 1977.[1] The court, after an ore tenus hearing, ordered the following:
 "[T]he court is of the opinion that the Court should take jurisdiction of this cause and that the requested preliminary injunction should be granted.
 "The Court therefore orders that the custody of the minor children of the parties, namely Wendy Rebecca Falk and Laura D. Falk, remain in their father, Lawrence C. Falk, until further order of the Court. The Court further orders that the Respondent may exercise reasonable rights of visitation with said children but that she is strictly forbidden from removing them from Tuscaloosa County, Alabama, until further order. *Page 724 
 " A further hearing will be set in this matter as soon as practical consistent with fairness to the parties.
At this point, we note that the court order refers to a preliminary injunction. However, it is clear that a temporary restraining order was intended by the court. Technical errors do not affect the validity of the injunctive relief in that all amendable errors are regarded as amended. See Martin's GrillMeats, Inc. v. Retail, Wholesale and Department Store UnionLocal No. 506, 283 Ala. 584, 219 So.2d 634 (1969).
Thereafter, the wife filed a motion to dissolve the "injunction" because she was not given notice of the hearing until after the hearing had taken place and the above order issued. On the same day, the wife "grabbed" the children and took them out of the state.
Based on the above incident, the husband then filed a motion to show cause why the wife should not be punished for contempt of the court's order.
After hearing both motions and taking testimony ore tenus, the trial court ordered the following:
 "1. The Motion To Dissolve the temporary restraining order issued on June 30, 1977, is denied and said order continues in effect.
 "2. The Respondent Audrey Falk is guilty of willful contempt of this Court's order of June 30, 1977, by taking the minor children into her custody outside of Tuscaloosa County, Alabama. It is therefore ordered that the Clerk of this Court issue a mittimus directing that the said Audrey Falk be committed to the jail of Tuscaloosa County, Alabama, for a period of five days for said contempt.
 "3. The Respondent Audrey Falk continues to violate this Court's order of July 30, 1977, until she returns the minor children to Lawrence Falk. It is therefore ordered that the Clerk of this Court issue a mittimus directing that the said Audrey Falk be committed to the Tuscaloosa County Jail until such time as she purges herself of the said contempt by returning said minor children to Lawrence Falk."
The wife appeals and alleges error in the trial court's denial of her motion to dissolve. Specifically, the wife attacks the validity of the temporary restraining order and the jurisdiction of the trial court in issuing such order. The wife also appeals the trial court's order finding her in contempt of the temporary restraining order.[2]
At the outset, we note that the courts in Alabama are always open for the protection of minors. Any pleading which shows on its fact that the welfare of an infant requires an order with respect to its custody or support is sufficient to invoke this jurisdiction. See Ex parte Buck, 291 Ala. 689, 287 So.2d 441, conformed to on remand, 51 Ala. App. 705, 287 So.2d 447 (1973).
As noted above, the husband petitioned the trial court for custody of the minor children and injunctive relief to insure their presence in the county. At the time of the petition, the husband was a resident of Tuscaloosa and his two minor children had been living with him for approximately four months. By virtue of the standard set out in Ex parte Buck, supra, the above facts were sufficient to confer jurisdiction upon the trial court.
The appellant-wife further alleges error by contending that the requirements of Rule 65 (b), ARCP, were not complied with in issuing the temporary restraining order. Specifically, the wife contends that proper notice was not given. Rule 65 (b), ARCP, in pertinent part, provides that:
 "A temporary restraining order may be granted without written or oral notice to the adverse party or his attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the *Page 725 applicant before the adverse party or his attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and reasons supporting his claim that notice should not be required. Every temporary restraining order granted without notice shall be endorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record, and shall expire by its terms within such time after entry not to exceed 10 days, as the court fixes (except in domestic relations cases, the 10 day limitation shall not apply), unless within the time so fixed the order for good cause shown is extended or unless the party against whom the order is directed consents that it may be extended for a longer period. . . ." [Emphasis supplied.]
Rule 65 (b), ARCP, does provide for injunctive relief withoutnotice to the adverse party in the form of a temporary restraining order. This relief can be accorded without notice if the verified facts of the complaint clearly justify the petitioner's apprehension about the threat of irreparable injury. See Committee Comments, Rule 65, ARCP.
In determining whether a temporary restraining order should be granted, the trial judge hearing the application is accorded wide discretion. If no abuse of discretion is shown, his action will not be disturbed on appeal. See Lorch, Inc. v. BessemerMall Shopping Center, Inc., 294 Ala. 17, 310 So.2d 872 (1975).
To this court, the record reveals the trial judge, upon hearing testimony, did not abuse his discretion in finding the appellee-husband had set out sufficient facts in his verified petition to show irreparable injury.
The wife, although unmarried, had been living with a married man while she had custody of the two minor children. During this time, the children were not adequately cared for in a suitable environment. This was due mainly to the wife's personal problems and the fact that she lived with a married man who shared no affection for the children. The wife was also presently unable to adequately care for the children and control her own personal problems. This was evidenced by the wife sending the children to the husband several months prior to the husband's visitation period as set by the Cook County decree.
Furthermore, the wife had later threatened to take the children out of Tuscaloosa County before the summer vacation expired. For the wife to have removed the children from Tuscaloosa County would have been in clear violation of the Cook County decree and, in view of the above, would constitute irreparable injury to the children. Therefore, the fact of insufficient notice does not affect the validity of the temporary restraining order according to Rule 65 (b).
The appellant further argues that the temporary restraining order was invalid because it exceeded the ten-day limitation set out in Rule 65 (b) and was of indefinite duration. Such is not the case.
As noted in Rule 65 (b), the ten-day limitation does not apply in domestic relation cases. Such an order expires "by its terms." This would permit an order in a domestic case, such as in the instant case, to remain in effect "until the further order of the court." See 2 Lyons, Alabama Practice § 65.4 (1973).
To summarize, we cannot say that the trial judge abused his discretion in issuing a temporary restraining order based upon the finding of a threat of irreparable injury to the children. Also, the fact that the temporary restraining order was to remain in effect "until further order" does not affect the validity of the court's order. The trial court, therefore, did not err in dismissing the wife's motion to dissolve.
As noted above, the wife also appeals the trial court's order finding her in contempt of the temporary restraining order. Put another way, the wife is seeking review of the contempt proceedings by appeal.
The proper remedy for review of contempt proceedings is by habeas corpus if *Page 726 
the party is in jail, or by certiorari if the party is not, and appeal is not the proper remedy. See Stout v. Stout, Ala.Civ.App., 336 So.2d 1123 (1976); Wilson v. Wilson,53 Ala. App. 194, 298 So.2d 616 (1973).
A proceeding for contempt is not a part of the main case, but is a complete collateral proceeding which may not be reviewed on appeal in the main case. Ex parte Dickens, 162 Ala. 272,50 So. 218 (1909).
The above being dispositive of the issues in this case, the trial court is due to be and is hereby affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] The wife did not receive notice of the hearing until July 1, 1977, at which time she received both the petition and the court's order of June 30, 1977.
[2] While appellee has alluded to certain impediments to the appellant's ability to appeal the above mentioned orders, it is the policy of this court to reach the merits of an appeal whenever possible.