The appeal is from a judgment denying a request for support under the Alabama Uniform Reciprocal Enforcement Support Act,i.e. §§ 30-4-80 through 30-4-98, Code of Alabama 1975, and granting a counterclaim for child custody.
In June 1977 the State of Pennsylvania filed on behalf of Myrtle Ashwood and her two minor children a petition under the Uniform Reciprocal Enforcement Support Act in the Circuit Court of Calhoun County, Alabama seeking support from the father and former husband, Charles Ashwood. The respondent father filed an answer denying any liability for support and then filed a counterclaim seeking custody of the older child. He alleged that he had been found not to be the father of the younger child.
After a hearing, the circuit court denied the request for support under the Act, and awarded custody of the older child to the respondent father. The mother appeals the award of custody of the older child to the father.
The parties to this appeal were married in Philadelphia, Pennsylvania in November 1971. The wife continued to live in Philadelphia; the husband was in the United States Army and moved about from one assignment to another. The wife never accompanied the husband on these assignments.
The husband was stationed at Fort McClellan, Alabama in 1977 when the State of Pennsylvania, on behalf of the wife and two children, filed a petition asking that the father-husband be required to support them or contribute to their support so that the State of Pennsylvania could be relieved of all or a portion of the burden of supporting the respondent's dependents.
The evidence showed that the respondent had been granted a divorce from the wife by the Circuit Court of Calhoun County in February 1977. The circuit court in its decree specifically held that the custody of the older child was not decided because the child was not in the jurisdiction of the court, but did require the father to pay to the mother $120 per month as support. At this time, the child was living with the mother in Philadelphia, Pennsylvania where she had always resided. The court also found that the husband was not the father of the younger child and had no responsibility for her. There was no appeal from this decree.
Prior to November 1977 the father had not visited his daughter except for three times in a five year period.
At the time of the filing of the petition seeking support from the father under the reciprocal support act, the mother and her two children were receiving public assistance from the State of Pennsylvania.
A copy of the counterclaim filed by the father in the support action was served on the Calhoun County district attorney, who was representing the State of Pennsylvania and the former wife, but the wife never received a copy of the counterclaim and had no notice that custody of the older child was to be an issue at the hearing; nor did she know of the hearing date. As a consequence, she did not appear nor attempt to defend the custody request made by the father. The court granted custody of the child to the father, and he then flew to Philadelphia where, without telling the mother the purpose of his visit, he took the child and returned to Alabama.
The mother then moved the Alabama court to set aside its order on the ground, principally, that she had no notice of the custody proceeding and had no opportunity to defend against it; moreover, she questioned the court's jurisdiction over the matter in the face of § 30-4-88 (e), Code of Alabama 1975. She also filed an action in a Pennsylvania court seeking custody of the child. The father was served and was represented by counsel in this proceeding.
In February 1978 the Alabama court voided its custody order and reset the matter for hearing on May 15, 1978. Pending the rehearing, the father was awarded temporary custody of the child. The child was still in Alabama with the father. Nineteen days after the Alabama court voided its *Page 927 
original custody order, the Pennsylvania court awarded custody of the child to the mother.
The scheduled rehearing was held by the Alabama court on May 15, 1978 with all parties present and represented by counsel. On October 10, 1978, after the ore tenus hearing on May 15, 1978, the Alabama court awarded custody of the child to the father.
In her brief the mother contends that the trial court erred by permitting the father to file a counterclaim for custody in a uniform reciprocal support proceeding and that the trial court violated the full faith and credit clause of the United States Constitution by proceeding to try the custody issue in the face of the Pennsylvania custody decree.
The purpose of the civil proceedings authorized by the Alabama Uniform Reciprocal Enforcement Support Act (URESA) is to provide a simplified, fair and convenient way to cause those who are obligated to support their minor children to do so without having to be extradited to another state. O'Hara v.Floyd, 47 Ala. App. 619, 259 So.2d 673 (1972).
Petitions filed under URESA must be filed in the juvenile court, which has jurisdiction of all such proceedings. Code of Alabama 1975, § 30-4-88. The circuit court and the district court exercise original concurrent juvenile jurisdiction sitting as the juvenile court. § 12-15-2 (a). By statutory requirement the juvenile court must keep a docket which is separate and distinct from any other docket kept in said court, and the orders and decrees of the court relating to such cases must be entered in a separate minute book. § 12-15-2 (b). An aggrieved party may appeal from a final order, judgment or decree of the juvenile court to the circuit court for a trial de novo. § 12-15-120.
An express provision of URESA, relied upon by the mother, states that participation in any proceeding under the uniform act shall not confer upon any court jurisdiction of any of the parties thereto in any other proceeding. § 30-4-88 (e).
The mother cites cases from other jurisdictions holding that the issue of custody may not be litigated in a URESA proceeding. E.g., Commonwealth ex rel. Posnansky v. Posnansky,210 Pa. Super. 280, 232 A.2d 73 (1967); Thibadeau v. Thibadeau,133 Ga. App. 154, 210 S.E.2d 340 (1974).
For other cases indicating that the only real issue in URESA proceedings is the duty of support, see, e.g., Vecellio v.Vecellio, Fla.App., 313 So.2d 61 (1975); Blois v. Blois, Fla.App., 138 So.2d 373 (1962); Grosse v. Grosse, Fla.App.,347 So.2d 1099 (1977).
The mother's claim for support and the husband's counterclaim were treated by the trial court as components of a single numbered action in the domestic relations division of the Calhoun circuit court. The mother's claim for support was not docketed separately on the juvenile court docket as required by statute. The father's counterclaim, filed in the support proceeding, was apparently treated by the trial court as a petition for modification of the original divorce decree.
Under these facts we cannot agree that the trial court erred in allowing the father to litigate the custody issue. His claim was filed and adjudicated in the proper forum, i.e. the domestic relations division of the circuit court which had earlier divorced the parties. The child whose custody was in issue was present in the jurisdiction. The mother was served properly pursuant to Rule 4, ARCP, and she appeared at the hearing represented by private counsel.
There does appear to be a serious doubt as to the validity of the adjudication of the mother's URESA claim by the domestic relations division of the circuit court. If a lack of subject matter jurisdiction is apparent on the face of the record, the judgment is void and will be treated as a nullity. Louisville N.R.R. v. Tally, 203 Ala. 370, 83 So. 114 (1919). However, since neither party has raised this issue, we need not reach it except to say that any jurisdictional defect of the proceedings below relates to the support claim rather than the custody claim. *Page 928 
The other principal issue raised by the mother concerns the application of the full faith and credit clause, U.S. Const. art. IV, § 1, to the proceedings below. Essentially the mother argues that the courts of this state should give full faith and credit to the Pennsylvania court's March 23, 1978 award of custody to the mother. On that date the Calhoun court had already voided its earlier award of custody to the father, had awarded temporary custody only to the father, and had reset the matter of permanent custody for a later hearing. The mother cites Ex parte Buck, 291 Ala. 689, 287 So.2d 441 (1973) for the proposition that the pendency of the action in Alabama did not bar the Pennsylvania court from hearing the custody matter.
We agree that the Pennsylvania judgment is entitled to full faith and credit by the Alabama courts. This conclusion is in accord with decisions of the vast majority of jurisdictions in this country, Annot., 35 A.L.R.3d 520 (1971), and with decisions of the Alabama Supreme Court. See e.g., Sappington v.Fort, 258 Ala. 528, 63 So.2d 591 (1952), Hajovsky v. Hajovsky,276 Ala. 77, 159 So.2d 194 (1963).
Having decided that the Pennsylvania court's decree is entitled to extraterritorial effect, the issue to be further decided is what effect the Pennsylvania decree should have on the proceedings in the Alabama court. As we read the cases on this point, the decree of the sister state precludes a reexamination by the Alabama courts of the facts upon which the foreign state's award was based. Lynn v. Wright, 34 Ala. App. 492, 42 So.2d 484, cert. den. 252 Ala. 606, 42 So.2d 490
(1949). Burns v. Shapely, 16 Ala. App. 297, 77 So. 447 (1917).
Rather, the effect of the Pennsylvania decree is to cause the Alabama court to focus its inquiry on the issues of whether, since the date of the Pennsylvania decree, there has been a sufficient change of circumstances to warrant a change of custody, Sappington v. Fort, supra, or whether in that period there has arisen an emergency as to the immediate welfare of the child such as would authorize the Alabama court to order a custody change. Hajovsky v. Hajovsky, supra; Lee v. Layton,51 Ala. App. 298, 285 So.2d 108, cert. den. 291 Ala. 787,285 So.2d 113 (1973).
It does not appear that the evidence adduced at the May 15, 1978 hearing was directed toward either of these issues. In the absence of evidence responsive to these issues the trial court, being bound to extend full faith and credit to the Pennsylvania decree, erred in ordering the change of custody.
Of course, in proceedings of this nature the paramount consideration is the welfare of the child, and a determination, whether by a Pennsylvania or an Alabama court, of what is now for the child's best interests never becomes res judicata. SeeNew York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903,91 L.Ed. 1133 (1947); and Atkinson v. Atkinson, 45 Ala. App. 428, 231 So.2d 753 (1970). Courts of equity are always open for the protection of minors. Watkins v. Brannon, 54 Ala. App. 424,309 So.2d 464, cert. den. 293 Ala. 778, 309 So.2d 468 (1974).
For the reasons stated above, the decree of the trial court is reversed and the cause remanded for entry of judgment not inconsistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
HOLMES, J., concurs.
WRIGHT, P.J., concurs in the result. *Page 929