TYSON, Judge.
This is an appeal from the revocation of Kennedy King’s probationary status.
This appellant was charged by two separate indictments with burglary in the first degree and rape in the first degree, in violation of §§ 13A-7-5 and 13A-6-61, Code of Alabama 1975, respectively. By consent of the appellant, the indictments were amended to attempted burglary and attempted rape in the first degree. Thereafter, the appellant entered a plea of guilty to both charges. The trial judge sentenced *1014 the appellant to a term of 15 years on both offenses, the sentences to run concurrently, and granted a “split sentence,” whereby the appellant was to serve 9 months in the penitentiary followed by 5 years of probation.
The appellant’s probation was granted, based on the general conditions, plus “[ojther special conditions ordered by the Court as follows: Defendant ordered to stay away from victim who lives in the Forest Hills Village.” (R. 41.) The trial judge was notified following the appellant’s release from jail that he had violated the above-quoted condition. Thus, the appellant was placed under arrest, and a probation revocation hearing was held.
The victim testified that she was told that the appellant was ordered to stay away from her home. The victim is the mother of the appellant’s son, and she testified that the appellant came to her house on five separate occasions during the late hours after he was ordered not to do so. On each occasion, the appellant asked about his son. She further testified that the appellant did not have any support obligations or visitation rights concerning their son.
The appellant also testified. While he admitted that he was told to stay away from the victim, he said he did not understand that limitation to apply also to his son. He stated that he went to the victim’s house to discuss with her why his son ran from him every time he tried to see him.
Upon hearing this testimony, the trial judge revoked the appellant’s probation and stated as follows:
“THE COURT: All right. Mr. King, at the time of your conviction and sentence the Court specifically ordered you to stay away from the victim in this case for a lot of reasons, especially in light of the violent nature of the charges themselves. You’ve admitted — there’s been testimony from both the victim and yourself where you admit that you violated the specific condition. For that reason I’m going to revoke your probation in each of these cases and put your sentence into effect.”
(R. 17-18.)
The appellant, by this appeal, seeks to challenge the constitutionality of the above-quoted condition which prevents him from visiting the community of Forest Hills Village.
While the appellant does not specifically so state, we assume he is arguing that his constitutional rights to freedom of travel and freedom of association have been abridged. We disagree with both of these contentions, since it is our opinion that it is within the range of legitimate police power for a trial court to order a defendant to stay away from the home of his victim. This situation is no different from where a trial court, in equity, enters a restraining order against a party to a lawsuit and orders him or her not to go to a designated place (quite often the home or office of another party). Both situations limit a party in his movements because of a desired social result (i.e., the protection of this state’s citizens). See Ex parte Purvis, 382 So.2d 512 (Ala.1980); Falk v. Falk, 355 So.2d 722 (Ala.Civ.App.1978).
This case is indistinguishable from Markley v. State, 507 So.2d 1043, 1050-52 (Ala.Cr.App.1987). In Markley, the appellant, a Roman Catholic priest, had been convicted of burglary and criminal mischief at an abortion clinic. He was granted probation and, as a condition of his probation, was ordered not to go within 500 yards of an abortion clinic for the purpose of demonstrating. While a trial judge is granted broad discretion in setting and enforcing the conditions of probation, this discretion will be scrutinized where the conditions amount to limitations on one’s fundamental rights. Markley, 507 So.2d at 1051, quoting United States v. Lowe, 654 F.2d 562, 567 (9th Cir.1981).
In upholding the limitation of the appellant’s freedom of association in Markley, 507 So.2d at 1052, we concluded:
“The courts may lawfully impose conditions upon a party’s speech, association or assembly as noted in the opinions herein to preserve public order and for *1015 the protection of the accused. See Oyoghok v. Anchorage, 641 P.2d 1267, 28 A.L.R.4th 717 (1982). See also, United States v. Consuelo-Gonzalez, [521 F.2d 259, 264 (9th Cir.1975) ], and Malone v. United States, [502 F.2d 554 (9th Cir.1974), cert. denied, 419 U.S. 1124, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975)], and United States v. Lowe, supra.”
The condition imposed in this cause was neither unreasonable nor unconstitutional. Likewise, the appellant cannot claim he was without notice, since he admitted that he was told not to go to the victim’s home. The revocation of this appellant’s probation by the trial court was not error.
Therefore, the judgment of the trial court is due to be, and the same is hereby, affirmed.
AFFIRMED.
All the Judges concur.