It appears to me that the circuit court, which had jurisdiction over matters pertaining to this child via the parents' divorce, merely reaffirmed the child's legal name and did not "change" the child's legal name. That unnecessary action, which merely clarified the question of the child's legal name, did not require a hearing on the father's petition.
I know of nothing empowering a juvenile court with the authority to change a child's name. See Ala. Code 1975, §12-13-1 et seq.; and § 12-15-30 et seq.; see also § 26-11-3. It is my position that the juvenile court lacked jurisdiction to enter the order changing the child's name; therefore, its order was void and had no legal force or effect.
When a child is the product of a marriage that has been dissolved by divorce, the divorce court that assumed jurisdiction over matters pertaining to that child's welfare retains jurisdiction during the child's minority, absent certain emergency conditions. See Wise v. Watson, 286 Ala. 22,236 So.2d 681 (1970); Ex parte J.R.W., 630 So.2d 447
(Ala.Civ.App. 1992); and Roberson v. McAliley, 387 So.2d 840
(Ala.Civ.App. 1980); see also Godwin v. Bogart, 674 So.2d 606
(Ala.Civ.App. 1995).
 "When a court of equity acquires jurisdiction of a cause for any purpose, it will retain it and do complete justice between the parties, enforcing, if necessary, legal rights and applying legal remedies to accomplish that end, and that jurisdiction is not ousted because it does not have power to do all the things requested."
Billingsley v. Billingsley, 285 Ala. 239, 242, 231 So.2d 111,114 (Ala. 1970). Thus, because of the broad equity powers conferred on a circuit court judge in such cases, I am unwilling to hold that the court lacked jurisdiction to change the child's name in the instant case. Because I would affirm the judgment of the trial court, I must respectfully dissent.