68 So.2d 533

## Ex parte DUNLÁP.

### 8 Div. 674.

Supreme Court of Alabama.

Aug. 6, 1953.

Rehearing Denied Nov. 27, 1953.

G. Ernest Jones, Birmingham, for petitioner.

Marion F. Lusk, Guntersville, and J. K. Jackson, Birmingham, for respondent.

STAKELY, Justice.

This is an original petition filed in this court by Charlotte Fern Dunlap for a writ of mandamus to the Hon. J. S. Stone as Judge of the Circuit Court of Marshall County, Alabama, in Equity, to require him to vacate and set aside an order made by him striking the answer and cross-petition filed by Charlotte Fern Dunlap to the petition of Charles Winfree Rudolph. The case is submitted here on the demurrer and answer of Judge Stone to the petition for a writ of mandamus.

On April 29, 1952, Charles Rudolph filed a verified petition in the Circuit Court of Marshall County, in Equity, addressed to the Hon. J. S. Stone, as Judge of that court. The petition alleged in substance that on June 2, 1950, the Circuit Court of Richmond, Virginia, awarded him a divorce from bed and board from his wife Charlotte on the ground of her willful desertion and abandonment of him on December 14, 1949. According to the allegations of the petition this limited divorce was granted to be effective as of the date of her desertion (December 14, 1949), with leave to merge it into an absolute divorce two years thereafter. In this decree the exclusive custody of their infant daughter Vicky was given to Charlotte, who was permitted under the terms of the decree to take the child to Alabama. Further according to the allegations of the petition, jurisdiction of the cause was expressly reserved.

The petition further alleges that Charlotte returned to Alabama taking up her residence at Cullman, Alabama, where on June 12, 1951, under her maiden name she pretended to marry one J. R. Dunlap of Cullman, Alabama, and since that time has lived in adultery with J. R. Dunlap, pretending to be his wife.

It is further alleged that on January 18, 1952, a final decree was granted Charles Winfree Rudolph by the Circuit Court of the City of Richmond, Va., dissolving his marriage to Charlotte Fern Rudolph on the ground of her adultery with J. R. Dunlap. In this decree the custody of the infant daughter of the parties, namely, Vicky Lynn Rudolph, born December 10, 1948, was awarded to the petitioner Charles Winfree Rudolph, who was then and at all times since, has been gainfully employed in a responsible position with an income ample to support and maintain the child in healthful and wholesome surroundings. The petition further alleges that the child is now living

in the home of J. R. Dunlap in Guntersville, Alabama, Charlotte Fern Dunlap still claiming to be married to the said J. R. Dunlap.

The petition further alleges that on April 28, 1952, Charles Winfree Rudolph demanded of his divorced wife that she surrender to him the custody of the child in obedience to the mandate of the aforesaid Virginia Court and was told by her that he would obtain custody of the child only over her dead body and his.

The petition prayed for an order directing the register to issue a writ to the Sheriff of Marshall County, Alabama or to any other lawful officer of the state, requiring such officer forthwith to take into his possession the person of the said Vicky Rudolph and bring the child before the court at the hearing of the petition and it was further prayed that upon a hearing the court would decree that the child Vicky Lynn Rudolph be returned to the custody of petitioner in obedience to the decree of the aforesaid Virginia Court. The court granted the petition and directed the register to issue a writ as prayed for in the petition and set the cause for hearing on May 1, 1952, and directed Charlotte Fern Rudolph to show cause why the care and custody of the infant Vicky Lynn Rudolph should not be given to the petitioner.

To the aforesaid petition Charlotte Fern Lassiter Dunlap, formerly known as Charlotte Fern Rudolph, filed the answer and cross-petition which was stricken by the court. In substance the allegations of the answer and cross-petition, among other things, show the following. It is admitted that Charles Winfree Rudolph is an adult person, a resident citizen of Richmond, Virginia and it is further admitted that on June 2, 1950, a decree of divorce from bed and board was granted in the Circuit Court of the City of Richmond, Virginia, wherein Charles Winfree Rudolph was complainant and the respondent and cross-petitioner was defendant. It is further admitted that the allegations of the petition with regard to the terms and provisions of the decree of June 2, 1950, set out in the petition of Charles Winfree Rudolph, are true and correct. It is admitted that she had gone to

Cullman, Alabama, on December 23, 1949, after the commencement of divorce proceedings against her in Virginia on December 14, 1949. It is further alleged that prior to June 1, 1950 Charlotte signed an acceptance of service of the time and place of taking of depositions in the Virginia divorce case, which she admitted were taken and filed on that date. She admitted that in August 1950 she wrote to Virginia for a copy of the decree which she further stated she received shortly thereafter. She further alleges that being unlearned in the law she mentioned the Virginia decree of June 2, 1950 to her brother-in-law one Hornsby, who reported back to her that he had consulted an attorney who advised that she was free to marry again. So, according to the allegations of her answer and cross-petition, she married J. R. Dunlap. There was a license, a preacher and a ceremony was had according to the sacraments of the Baptist Church. It is further alleged that she and J. R. Dunlap took up their residence in Guntersville, living there in a good neighborhood and demeaning themselves in a proper manner, while J. R. Dunlap practiced his profession as a veterinarian. She describes this period as the happiest period of her life until it was shattered by the appearance of Charles Winfree Rudolph on April 28, 1952, who then made known to her the decree of January 18, 1952, wherein she was divorced because of her adultery and the child awarded to Charles Winfree Rudolph. It was further alleged that upon consultation with her lawyers she ceased to cohabit with J. R. Dunlap until May 21, 1952, when she was advised that the four months waiting period provided by the Virginia decree of January 18, 1952, having then expired, she could legally contract marriage. This she did on May 21, 1952, at Columbus, Mississippi, resuming her relationship with J. R. Dunlap at Guntersville, Alabama.

There are allegations that she really did not commit adultery because she had no criminal intent and Charles Winfree Rudolph is charged with having a vile disposition and a quarrelsome nature. It is further alleged that she had no notice of any amendment of the original bill for divorce:

wherein she was charged with adultery and wherein the child's custody was sought by the child's father. In the prayer of her answer and cross-petition she asked that she be given exclusive care and custody of the child and that the court make proper provision for the support and maintenance of the child. As stated, the court struck the answer and cross-petition and the purpose of the petition for mandamus is to require Judge Stone, the respondent, to expunge that order and restore the answer and cross-petition to the files of the court.

In seeking to reach a correct conclusion in this case we must take note at the outset that Charles Winfree Rudolph has a decree of the Circuit Court of Richmond, Virginia, wherein he was divorced from Charlotte Fern Rudolph on the ground of adultery and wherein the exclusive care and custody of their minor daughter was awarded to him. Assuming the Virginia Court had jurisdiction of the parties and the subject matter, the decree of the Virginia Court would ordinarily be entitled to full faith and credit under familiar constitutional principles. State v. Black, 239 Ala. 644, 196 So. 713; Ferguson v. State ex rel., 251 Ala. 645, 38 So.2d 853.

But we showed in Ferguson v. State, supra, and in Little v. Little, 249 Ala. 144, 30 So.2d 386, 171 A.L.R. 1399, that there is another principle which must be considered and that is that there may be concurrent jurisdiction when the circumstances create an emergency as to the immediate welfare of the child sufficient to call into being the jurisdiction of the court where the child is then residing. On this principle the Alabama court in the instant case might act if such action is presently needful for the welfare of the child. The answer and cross-petition of the mother is evidently sought to be based on the principle here stated. But we do not find in the allegations of the answer and cross-bill, allegations which bring the instant case within the principle of these cases.

Furthermore the answer and cross-petition of the mother seek to attack the validity of the Virginia decree. Many of the allegations of the answer and cross-petition are impertinent and irrelevant. There is one allegation, however, which gives us concern. That is the allegation that denies any notice of the charge of adultery and denies any notice of the prayer for a modification as to the custody of the child. The allegations are not sufficient, however, to apprise us of the rights of the parties under the Virginia statutes and the record in the Virginia suit in a situation of this kind. It seems clear that Charlotte Fern Dunlap was made a party to the cause wherein the decree from bed and board was granted on the ground of willful desertion and abandonment with leave to merge it into an absolute divorce, but was she before the court when the decree based on adultery was entered and custody of the child was granted to the father? In this connection we refer to the recent decision of the Supreme Court of the United States dated May 18, 1953, in the case of May v. Anderson, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. ——.

The case to which we refer and cases cited therein appear to recognize the divisibility of decrees of divorce from provisions in the decree for custody of a child. This seems to answer the contention that the mother cannot claim to be now validly divorced and yet deny the adjudication that her former husband is entitled to the custody of the child.

Our decisions made it clear that in cases involving the custody of children, we are not interested in niceties in pleading, Bureau of Catholic Charities v. Deakle, 253 Ala. 471, 45 So.2d 163, but we are not willing to put Judge Stone in error for striking a pleading which seems to us to be so prolix and impertinent as the answer and cross-petition which was filed in this case and which does not contain factual statements sufficient to constitute an answer to the writ as directed by the court. Mandamus is not a writ of right and the granting or denial of an application rests very largely within the discretion of the court. State ex rel. Tallapoosa County v. Butler, 227 Ala. 212, 149 So. 101; Ex parte Perusini Const. Co., 242 Ala. 632, 7 So.2d 576. If an emergency exists which should invoke the jurisdiction of the courts of this state for the immediate welfare of the child or

if the decree of the Virginia Court of January 18, 1952, is lacking in due process. See Crimm v. Crimm, 211 Ala. 13, 99 So. 301, a succinct statement of the facts can be alleged in answer to the writ issued by the order of the court. Payne v. Graham, 20 Ala.App. 439, 102 So. 729. Since the case is in equity the answer to the writ should be treated as in the nature of a petition to determine the custody of an infant. Ex parte White, 245 Ala. 212, 16 So.2d 500. To this petition Charles Rudolph would have the right to demur or file such other pleading as he may be advised. Since the time has elapsed within which Charlotte Dunlap was given the right to respond to the order of the court, when her answer and cross-petition was stricken, the court will grant her such additional time as may appear to the court to be advisable.

Writ denied.

All the Justices concur.