309 So.2d 464

Herbert L. WATKINS

v.

Marsha Joan BRANNON, in behalf of Travis Kyle Watkins, a minor.

Civ. 395.

Court of Civil Appeals of Alabama.

Sept. 4, 1974.

Rehearing Denied Sept. 25, 1974.

Jere C. Segrest, Dothan, for appellant.

J. Earl Smith, Dothan, for appellee.

HOLMES, Judge.

This appeal is from a decree of the Houston County Court wherein custody of a minor child was awarded to the original petitioner, the child's natural mother. From this decree the child's maternal grandfather has taken this appeal.

The pertinent facts appear to be as follows:

In 1971, when the original petitioner, hereinafter called the mother, was 19 years of age she bore a child out of wedlock in North Carolina. Thereafter, the appellant, the maternal grandfather, filed a petition in that state wherein it was alleged that the mother had abandoned the child and, further, that custody should be placed in the appellant. An order was entered by the North Carolina court granting appellant-grandfather and his wife temporary custody.

On July 19, 1972, the appellant filed a petition in the Juvenile Court of Clayton County, Georgia, seeking to terminate the parental rights of the mother. By decree, on May 9, 1973, the Georgia court did not terminate the parental rights of the mother but did grant temporary custody of the child to the appellant. This decree also granted reasonable visitation rights to the mother. Additionally, the Georgia decree provided that the child should not be removed from the State of Georgia and not removed from his present home for any period longer than 24 hours until the child arrived at a more mature age. The Georgia court specifically retained jurisdiction. The mother also signed an agreement with an officer of the probation department of the court not to remove the child from the state.

On March 9, 1974, while exercising her visitation rights the mother removed the child to Houston County, Alabama. She notified the grandfather that she had the child. Appellant immediately swore out a warrant in Clayton County, Georgia, charging the mother with illegal detention of a child. The city police of Dothan arrested the mother, without warrant, upon the authority of a teletype from the State of Georgia around midnight of March 10, 1974. On March 12, 1974, the mother filed a petition for custody with the Houston County Court.

The petition for custody filed by the mother alleged that she was domiciled in Alabama and had been all of her life; that she is now married to a businessman and lives in a good neighborhood; that she is a fit and proper person to have permanent custody; and that the Georgia decree awarding temporary custody to appellant was not in the best interest of the child. It also alleged certain temperament and disposition problems of the appellant.

Appellant filed a timely motion to dismiss, along with other responses, alleging that the Alabama court lacked jurisdiction. This motion by appellant was dismissed.

After a hearing *ore tenus* the trial court's order stated:

"[B]ecause of the temporary nature of said Decree; the fact that said Decree concerns the welfare and custody of a minor child; and that the custodial controversy is between a parent and a third party, rather than between two parents, the said Decree of the Georgia Court would not be entitled to full faith and credit as that directive is pronounced by the United States Constitution. The Court ultimately finds that the welfare and interests of said child would be best served by awarding full care, custody and control of said.child to the Petitioner; and that to return said child to Respondent and the State of Georgia would result in immediate and irreparable harm to said child; . . . ."

Able counsel for appellant contends that the lower court in this case should not have exercised jurisdiction and cites as authority Sappington v. Fort, 258 Ala. 528, 63 So.2d 591; and Ex parte Dunlap, 260 Ala. 52, 63 So.2d 533.

■ To this court it is clear that the Houston County Court had jurisdiction. The equity courts in this state are always open for the protection of minors, Harris v. Harris, 251 Ala. 687, 39 So.2d 232; Ex parte Buck, 291 Ala. 689, 287 So.2d 441,

and any pleading which shows on its face that the welfare of an infant requires an order with respect to its custody or support is sufficient to invoke this jurisdiction. Ex parte Buck, *supra*. As our Presiding Judge Wright said in Gray v. Department of Pensions and Security, 53 Ala.App. 19, 296 So.2d 918, 920:

"However, it is settled that where a child is physically present within the jurisdiction of an equity court of this state, such court has inherent authority to act to protect the welfare and best interest of such child. Arnold v. Arnold, 246 Ala. 86, 18 So.2d 730; Harris v. Harris, 251 Ala. 687, 39 So.2d 232. Any pleading which shows on its face that the welfare of a child requires an order with respect to its custody or support is sufficient to invoke the jurisdiction of the court. Ex parte Buck, 291 Ala. 689, 287 So.2d 441. . . . ."

■ This court recognizes that these principles must be considered in conjunction with another well established principle that where a foreign court has rightfully assumed jurisdiction over minor children, Alabama courts, as a matter of comity, *may* refuse to deal with the question of their future welfare. State v. Black, 239 Ala. 644, 196 So. 713; Burns v. Shapley, 16 Ala.App. 297, 77 So. 447. However, the Supreme Court of the United States has held that if the state in which a decree of custody is entered has the power to modify, it is not conclusive. The court of a sister state, having the children involved in that decree before it upon proper petition, has as much right to alter or modify the decree as does the state where it was rendered. People of State of New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133.

■ In this instance, the child being present before the court and the Georgia decree granting only temporary custody, it cannot be said the Alabama court lacked jurisdiction. However, our courts should ex-

ercise this jurisdiction only when certain factors are present. These factors were set out in Sappington v. Fort, *supra,* in which our supreme court said:

"[O]ur courts will give relief upon a showing of changed circumstances or upon peculiar circumstances which create an emergency as to the immediate welfare of the child. Ferguson v. State, 251 Ala. 645, 38 So.2d 853; Ex parte State ex rel. McLaughlin, 250 Ala. 579, 35 So. 2d 507. The changed circumstances do not necessarily have to be subsequent to the decree but may be based upon matters discovered though not disclosed when the original decree was entered. Ex parte State ex rel. McLaughlin, supra." (258 Ala. at 531, 63 So.2d at 593)

We note that if upon a hearing there is no changed circumstances or emergency condition existing, then, in that event, comity dictates that the Alabama courts should refuse to exercise its jurisdiction.

Here, appellee's petition can be read as alleging both changed circumstances and peculiar circumstances which created an emergency as to the immediate welfare of the child. As noted earlier, she alleged not only such changed circumstances which enhanced her ability to care for, protect, and provide for the child, but also peculiar circumstances arising from appellant's temperament and his disposition which could create an emergency as to the welfare of the child.

The pertinent evidence at trial revealed the following changed circumstances. There was an approximate one-year time span between the two decrees. Despite numerous attempts to exercise her visitation rights, the appellee had only been allowed to see her son twice in the ten-month period between the Georgia decree and her filing of the Alabama petition. Appellee lived in a two bedroom home as opposed to a trailer at the time of the Georgia decree. Appellee and her husband had been married for well over a year. Appellee's husband had his own business as contrasted with his being employed by someone else at the date of the Georgia decree, and earned over $5,000 from May to December 1973. Both the child and mother were one year older. A report by the Department of Pensions and Security of this state, which concluded that the appellee had the relative fitness to have the care and custody of the child, was presented to the Alabama court but had not been before the Georgia court. Also presented to the Alabama court, but not the Georgia court, was testimony by Mrs. Rebecca Manley (child welfare worker in the Department of Pensions and Security) that in her opinion it would be "upsetting" for the child to be removed from the custody of its mother.

Distinguished counsel for appellant, in briefs, original and reply, brings to this court's attention that the trial judge in his decree found that the child custody decree of Georgia, being of temporary nature, was, under the law of Georgia, nonappealable. As we understand appellant's brief, it is his contention that the law of Georgia on this issue had not been properly presented and proved to the trial court. The courts of Alabama do not take judicial notice of the laws of a sister state, or of the law as expressed and applied in their judicial decisions, but they must be proved in the same manner as other facts. Constantine v. Constantine, 261 Ala. 40, 72 So. 2d 831, 9 Ala.Dig., Evidence, ☜35. However, in any event, to this court there is no error to reversal. The trial court, as seen from the above, had jurisdiction and such jurisdiction was properly exercised and the appealability or nonappealability of the Georgia decree has no effect on the trial court's jurisdiction. We further note that in any event the trial judge was correct in his determination of the Georgia law. There is, except for some few exceptions inapplicable here, no appeal from an order or judgment awarding temporary child custody in Georgia. Floyd v. Floyd, 120 Ga. App. 292, 170 S.E.2d 310.

In view of the above, we cannot find that the trial court erred to reversal in exercising its jurisdiction. Furthermore, this court can only reverse the trial court's findings and conclusions if they are palpably wrong. Shivers v. Shivers, 277 Ala. 400, 171 So.2d 109. We cannot so hold.

Therefore, when the trial court's decree is viewed with the presumption of correctness to which it is entitled, we cannot find the trial court erred to reversal and the case is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.