This is an appeal from judgment denying modification of a foreign divorce decree. We affirm.
The parties were divorced by a court of the State of Arizona on October 6, 1975. Custody of a minor child was granted to the mother with visitation rights to the father. The father appealed. While his appeal was pending, the father removed the child to Colorado. He filed a petition for custody in the Colorado court. The Arizona appellate court affirmed the original judgment.
The father is in military service. While he was on temporary duty in Alabama with the child in his custody contrary to the Arizona order, the mother filed a petition for writ of habeas corpus in the Circuit Court of Montgomery County, Alabama. The father answered and petitioned for modification of the Arizona judgment. The matter was set for hearing on August 10, 1977, and subsequently continued at the request of the mother until September 30. The father then sought further continuance for discovery. Continuance was denied. In the meantime, the father and the child had left Alabama and returned to Colorado. At the time of the hearing on September 30, a hearing had been set in Arizona for October 11.
There was presented evidence, both oral and deposition, at the hearing on September 30. The judgment of the court denied the father modification of the Arizona judgment. It directed the father to provide bond in the amount of $3,500 conditioned upon his delivering the child to the mother in Arizona on October 7, 1977, so that it would be present in the Arizona court for the hearing on October 11. Delivery of the child was ordered made to the mother if bond was not made.
Stay of the judgment pending appeal was denied by the trial court and by this court.
There are several issues stated by the father in his appeal. One of the issues relates to whether the court erred in refusing to exercise its power to modify the Arizona judgment and deferring decision to the Arizona court. This issue is the crux of the appeal and we consider its determination dispositive of the appeal. The trial court exercised the principal of comity by its judgment. It recognized its jurisdiction over the "res" but refused to exercise that jurisdiction. If this action was correct, the other issues stated are moot and the trial court must be affirmed.
The equitable power of the courts of this state to protect the welfare of a child located within the boundaries of the state is always present and may be invoked by any pleading showing on its face that a child needs protection. Ex parteBuck, 291 Ala. 689, 287 So.2d 441 (1973); Watkins v. Brannon,54 Ala. App. 424, 309 So.2d 464 (1974). A custody order of a sister state may be modified if the welfare of a child requires. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903,91 L.Ed. 1133 (1947); Phelps, Full Faith and Credit in DivorceProceedings, 36 Ala. Law. 556 (1975).
However, Alabama courts, as a matter of comity in the absence of an immediate emergency affecting the welfare of the child, may refuse to deal with the question of custody of children where a foreign court has rightfully assumed jurisdiction and is presently exercising it. Sappington v. Fort, 258 Ala. 528,63 So.2d 591 (1952); State v. Black, 239 Ala. 644, 196 So. 713
(1940); Watkins v. Brannon, supra. The question of whether there is an "emergency" is a matter within the discretion of the trial judge. Watkins v. Brannon, supra. *Page 721 
The court heard the oral testimony and considered the various depositions. At the time of the hearing, the child was no longer residing in Alabama. Neither parent was a resident of Alabama. The Colorado court had already deferred to the Arizona court. A hearing was set in Arizona within a few days. The evidence disclosed no present threat to the welfare of the child requiring the exercise of the power of the court. This court finds no abuse of discretion in the refusal to modify the Arizona judgment nor in the enforcement of that judgment by ordering delivery of the child to the mother absent bond.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.