Appellee, Donald David Haynes, and Pat Speer were divorced in the State of Texas by decree of the Court of Domestic Relations of Harris County, Texas. On December 23, 1975, that court issued an order modifying the original decree. The decree as modified provided that Ms. Speer have custody of the parties' minor child, David Scott Haynes; appellee have custody of the parties' minor child, Tamberly Michele Haynes; and appellee pay "zero" child support to Ms. Speer.
Thereafter Ms. Speer and David moved to Calhoun County, Alabama, and appellee moved to Jefferson County, Alabama. Ms. Speer was awarded Aid to Dependent Children (A.D.C.) assistance in November 1977. At that time, Ms. Speer assigned to the State any rights to support for the child which she had against any other person. On November 28, 1978, the State filed a petition for child support in the Circuit Court of Calhoun County asking the court to order appellee to pay a reasonable sum toward the support of David. After a hearing the trial court found that the divorce decree as modified by the Texas court was a valid and binding decree; that under this decree Ms. Speer had no rights against appellee for child support; and that there existed no emergency requiring the court to intervene in the matter. The trial court denied the petition for child support, stating that the parties could resolve their differences in the Texas court.
It is clear that the trial court denied the petition for child support on the basis of the Texas decree. The State argues that the court was in error in so doing. We agree and reverse.
It is well settled that where a child is physically present within the jurisdiction of an equity court of this state, such court has inherent authority to act to protect the welfare and best interest of such child. Any pleading which shows on its face that the welfare of a child requires an order with respect to its custody or support is sufficient to invoke the jurisdiction of the *Page 1185 
court. Gray v. Department of Pensions and Security, 53 Ala. App. 19, 296 So.2d 918 (1974). The issue of child support was raised by the State's petition. The father's obligation to pay child support was not extinguished by the Texas court's order. The obligation of support cannot be permanently removed by agreement, release or judgment if circumstances require its re-invocation in the future. Moore v. Moore, 57 Ala. App. 735,331 So.2d 742 (1976). All interested parties were before the Alabama court, including the father. Therefore, the issue of support was appropriate for determination by the trial court.
Apparently the trial court based its decision upon the principle of comity. We do not believe "comity" is involved here. Comity is nothing more than a principle of courtesy by which the courts of one jurisdiction will give effect to the laws and judicial decisions of another jurisdiction merely out of deference and respect. It is a matter resting in the judicial discretion of the court in which the enforcement or recognition of the foreign law or judgment is sought. Brown v.Babbitt Ford, Inc., 571 P.2d 689, 695, 117 Ariz. 192 (1977). However, in considering comity, there should be due regard by the court to the duties, obligations, rights and convenience of its own citizens and of persons who are within the protection of its jurisdiction. Nowell v. Nowell, 408 S.W.2d 550, 553
(Tex.Civ.App. 1966).
The courts of Alabama have recognized and applied the principle of comity. In matters relating to the welfare and protection of a child within its jurisdiction, we have said that relief will be given upon a showing of changed circumstances or upon peculiar circumstances which create an emergency as to the immediate welfare of the child. Watkins v.Brannon, 54 Ala. App. 424, 309 So.2d 464 (1974); Sappington v.Fort, 258 Ala. 528, 63 So.2d 591 (1953). The facts in this case clearly show a change of circumstances since the Texas judgment of 1975. It is further shown that the child is in need of aid and support which is presently being supplied by the taxpayers of this state. The facts further show that there is not involved in this case a request for the enforcement of a foreign judgment by the courts of this state, which invokes the extension of courtesy to the courts of Texas.
There is no effort in this proceeding to enforce, abrogate or set aside the Texas decree. It has no enforceable provisions. It merely vacated a previous order of support. The petition to the court says there is now a need of support for the child who is a dependent in this state from the father who is a resident of this state. To tell the parties to return to Texas for relief extends no courtesy to Texas. To refuse to exercise its jurisdiction in this case because the Texas court entered a judgment four years ago is within neither the purpose nor the spirit of the principle of "comity." It is rather an abdication of the responsibility and duty of that court as parens patriae of the child. In truth, it, at best, is an arbitrary abuse of discretion and is unjust.
The father argues that the mother had nothing to assign since the decree of the Texas court did not order him to pay child support to her. We do not agree. The issue of the support of a minor child is never closed. The mother had the right and duty to petition a court of equity for child support if the continued well-being of the child required it. It was the right which the mother assigned to the State. Any person, including the State of Alabama, could activate the jurisdiction of such court by petition showing need of the child.
It should be remembered that an order of support is for the benefit of the child even though paid to the mother or other custodian. As in any other case involving a minor child, the primary consideration is the best interest of the child.
We reverse the dismissal of the petition for child support and remand to the trial court for hearing and determination of support for the child according to his best interest.
REVERSED AND REMANDED.
BRADLEY, J., concurs specially.
HOLMES, J., dissents. *Page 1186