I respectfully dissent.
A competent court of the State of Texas determined that the father was not required to provide support for one of the party's children.
The Circuit Court of Calhoun County, after an ore tenus
hearing, found the following:
 [T]here exists no immediate emergency requiring this Court to intervene in this matter and that the parties may, if they so desire, resolve their differences before the Court of Domestic Relations Number Four of Harris County, Texas, the Court which divorced the parties and determined which party should have custody of each of the children as well as the rights and obligations of the parties with respect to child support.
It is my opinion that the trial court properly followed the law of this state.
In cases of this nature there may be concurrent jurisdiction with the court wherein the divorce decree was rendered. However, this concurrent jurisdiction arises only when the circumstances create an emergency as to the immediate welfare of the child. Ex parte Dunlap, 260 Ala. 52, 68 So.2d 533
(1953).
Our courts will give relief upon a showing of changed circumstances or upon peculiar circumstances which create an emergency as to the immediate welfare of the child. Sappingtonv. Fort, 258 Ala. 528, 63 So.2d 591 (1952).
The trial court, in this instance, determined that no such emergency existed which was sufficient to invoke the jurisdiction of an Alabama court. Whether such emergency in fact existed is a question of fact. Further, the trial court determined that any amending or changing of the divorce decree should be accomplished by the court which rendered the original divorce decree. The above finding of fact will not be disturbed unless it is palpably wrong. Lumpkin v. Meeks, 263 Ala. 395,82 So.2d 535 (1955). That is, the question of whether there is an emergency is a matter within the sound discretion of the trial judge. Fawkes v. Fawkes, Ala.Civ.App., 360 So.2d 719 (1978).
In the case of Watkins v. Brannon, 54 Ala. App. 424,309 So.2d 464 (1974), this court stated the rule which is applicable in the instant case. Where a foreign court has rightfully assumed jurisdiction over minor children, Alabama courts, as a matter of comity, may refuse to deal with the question of their future welfare. However, our courts should exercise jurisdiction upon a showing of changed circumstances or upon peculiar circumstances which create an emergency as to the immediate welfare of the child. If upon a hearing there are no changed circumstances or emergency condition existing, then, as a matter of comity, Alabama courts should refuse to exercise their jurisdiction.
This rule of law was recently stated in the case of Fawkes v.Fawkes, supra. In my opinion, this rule is still the law in Alabama.
The effect of the majority opinion is to completely ignore the decree of the Texas court and the doctrine of comity in cases of this nature. *Page 1187 
To hold that the trial court must exercise its jurisdiction in the instant case upon facts falling short of any emergency as would necessitate involving the power of the equity court to protect the minor's welfare with utter disregard of the Texas decree is, in my opinion, contrary to the law of this state.Sappington, supra.
I do not find that, in this instance, the trial court erred to reversal in refusing to exercise its jurisdiction and would affirm.