FAULKNER, Justice.
We granted certiorari in this case to review the decision of the Court of Civil Appeals, 392 So.2d 1183, which reversed a lower court judgment denying a petition for child support filed by the State of Alabama. For the following reasons, we reverse and remand.
Pat Speer is the natural mother of David Scott Haynes. Ms. Speer married Donald David Haynes, who became the adoptive father of the minor, David. Donald Haynes and Pat Speer obtained a divorce in Texas by decree of the Court of Domestic Relations of Harris County, Texas. The date of the divorce decree is not present in the record. The divorce decree was modified on December 23, 1975, and, as modified, provided that Ms. Speer be granted custody of David Scott Haynes, that Donald Haynes be granted custody of Tamberly Michele Haynes, the parties’ other minor child, and that Donald David Haynes pay no child support to Ms. Speer for the maintenance of David Scott Haynes.
While the record shows that Ms. Speer and the minor, David, now reside in Alabama, the date of their move from Texas to Alabama is not revealed. Carolyn Baker, an employee of the Alabama State Department of Pensions and Security testified that Ms. Speer received Aid to Dependent Children payments from July 1974 until December, 1974, when she was terminated, that she was “re-awarded” payments from March, 1975 until June 1975, when she was “transferred,” that she was “re-awarded” payments in Calhoun County in November, 1977, and that she has been receiving support from the Calhoun County office of the Department of Pensions and Security since that time.
On November 28, 1978, the State filed a petition for child support in the Circuit Court of Calhoun County requesting Donald Haynes to pay child support. After an ore tenus hearing, at which Ms. Baker and Donald Haynes were the only witnesses, the trial court found that there was a valid and binding decree in Texas awarding custody of the two minor children and requiring Donald Haynes to pay nothing to Ms. Speer as child support for David Scott Haynes, that there existed no immediate emergency requiring the court to intervene in the matter, and that the parties could resolve their differences before the Court of Domestic Relations in Texas. The State’s motion for new trial was denied.
On appeal, the Court of Civil Appeals reversed the trial court’s judgment, holding that “the facts in this case clearly show a change of circumstances since the Texas judgment of 1975,” and that the Texas decree had no enforceable provisions, but “merely vacated a previous order of support.” The appellant contends that the facts do not support a finding of changed circumstances or of an emergency situation and that the Court of Civil Appeals erred in so finding. We agree.
Both the majority decision and the dissent set out the correct rule of law in a case such as the one presented before us (in fact, they cite the same opinion for authority): In matters relating to the welfare and protection of a child within the state’s jurisdiction, a court will grant relief upon a showing of changed circumstances or upon peculiar circumstances which create an emergency as to the immediate welfare of the child. Sappington v. Fort, 258 Ala. 528, 63 So.2d 591 (1953). See also Hajovsky v. Hajovsky, 276 Ala. 77, 159 So.2d 194 (1963), Fawkes v. Fawkes, 360 So.2d 719 (Ala.Civ.App.1978), Watkins v. Brannon, 54 Ala.App.424, 309 So.2d 464 (1974).
Where the majority and dissent part company is upon the view that the facts of the present case support a finding that there exist changed circumstances or an emergency sufficient to give the relief sought. Judge Wright said, “The facts of this case clearly show a change of circumstances *1189 since the Texas judgment of 1975. It is further shown that the child is in need of aid and support which is presently being supplied by the taxpayers of this state.” Judge Bradley, specially concurring, agreed that the trial court should be reversed, but for a different reason: “The fact that the child is receiving aid from a state welfare agency amply supports a conclusion that it needs support from its father and that such need constitutes an emergency in Calhoun County, Alabama.” Judge Holmes, dissenting, held a contrary view, stating:
The trial court, in this instance, determined .that no such emergency existed which was sufficient to invoke the jurisdiction of an Alabama court. Whether such emergency in fact existed is a question of fact. . . . The question of whether there is an emergency is a matter within the sound discretion of the trial judge.
In summary, Judge Wright held that the trial court abused its discretion in refusing to grant the relief sought because, in his view, the facts did support the conclusion that changed circumstances existed; Judge Bradley held that the trial court’s finding that no emergency existed was erroneous; and Judge Holmes held that the trial court properly exercised its discretion.
There is no doubt that an Alabama court could entertain concurrent jurisdiction with the Texas court which rendered the initial divorce decree, but the concurrent jurisdiction arises only when the circumstances create an emergency as to the immediate welfare of the child or upon a showing of changed circumstances. Ex Parte Dunlap, 260 Ala. 52, 68 So.2d 533 (1953), Sappington v. Fort, supra, Watkins v. Brannon, supra. We have examined the record and the applicable case law and hold that the trial court did not abuse its discretion in refusing to grant the relief sought because we have determined that the facts in the present case will not support a finding of either changed circumstances or of an emergency.
This case is similar to Sappington, supra, on the issue of whether circumstances had changed since 1975. Although Sappington dealt with custody as opposed to support, in that case the appellant, seeking to have an Alabama court modify an Oklahoma decree, contended that changed circumstances warranting relief existed. The Court stated, inter alia:
... It is insisted in brief that changed conditions require the court to grant relief. The Oklahoma Court after a hearing in May 1951, entered its decree. Upon what evidence this decree was entered, we have no way of knowing, since it does not appear in the record before us. The record before us shows no changed conditions. 258 Ala. at 531 (emphasis added).
In the case at bar, the record discloses that the parties obtained a divorce in Texas. The date of that initial divorce is not revealed. We cannot, and do not, know the facts presented before the Texas court at the time of the initial divorce decree. As in Sappington, “Upon what evidence this decree was entered, we have no way of knowing, since it does not appear in the record before us.” While we do know from the record that the Texas divorce decree was modified December 23, 1975, we do not know the facts presented before the court at the hearing to modify the divorce decree. We do know, however, from the testimony of Carolyn Baker, that Ms. Speer had received support payments from the Aid to Dependent Children program from July, 1974 until December, 1974 and from March, 1975 until June, 1975. Thus, Ms. Speer had received ten months of support payments from the Aid to Dependent Children program before the modification hearing in Texas in December, 1975. The record, instead of supporting the conclusion that changed circumstances exist, reveals that the circumstances present at the December, 1975 hearing for modification of the Texas decree were similar to the circumstances presented before the Calhoun County Circuit Court in January, 1979. The fact that Ms. Speer had received support payments since the Texas modification does not necessarily support the conclusion that circum *1190 stances have changed since the Texas modification.
In analyzing whether an emergency situation sufficient to warrant the trial court’s intervention was presented to the trial court, we are persuaded by Judge Holmes’s reasoning that such a determination was made after an ore tenus hearing, that a finding of whether an emergency existed was a question of fact, and that a finding of fact will not be disturbed unless palpably wrong, citing Lumpkin v. Meeks, 263 Ala. 395, 82 So.2d 535 (1955). Judge Bradley, in his concurrence, held that the trial court’s finding that no emergency existed was clearly erroneous. Apparently Judge Bradley was persuaded by the same argument appellee made during oral argument to this court, namely that the fact that the child is receiving support from a state agency constitutes an emergency, as a matter of law, sufficient to warrant the court’s intervention. We are not so persuaded. While the fact that a child is receiving support payments from a state agency is a factor to be considered by the trial court in its determination, we are not prepared to hold that an emergency exists as a matter of law where such a fact is presented.
We, therefore, hold that the trial court’s finding that the facts, as presented, did not support the conclusion that an emergency existed was not palpably erroneous, that the record does not support a finding that changed circumstances existed, and that the trial court did not abuse its discretion in refusing to grant the relief sought. For the foregoing reasons, this cause is reversed and remanded.
REVERSED AND REMANDED.
TORBERT, C. J., and ALMON, EMBRY and BEATTY, JJ., concur.
MADDOX and JONES, JJ., concur in result.
SHORES, J., dissents.