Appellant (Douglas Ross MacLeod) and appellee (Edna Muriel MacLeod) were divorced in a proceeding commenced in the County of Middlesex by an order of the Supreme Court of Ontario, Canada on July 25, 1980. The decree was finalized on October 28, 1980. As part of said order, the appellant was ordered to pay the appellee the sum of $1,000 per month as alimony.
In January of 1981 appellant, a practicing pediatrician, relocated his medical practice in Phenix City, Russell County, Alabama. During that year appellant suffered a substantial decline in income. In 1980, at the time of the divorce, the appellant had an income of approximately $50,000 per year. In the year 1981, following his relocation, he had an income of $12,000. As a result of the substantial decline in income, appellant became some $11,000 (in Canadian dollars) behind in alimony payments.
On January 28, 1982 the appellant reduced the arrearage to a money judgment before the County Court of the County of Simcoe, Barrie, Ontario, Canada. On April 16, 1982 she filed suit in Russell County, Alabama seeking enforcement of the record judgment. Appellant filed a proceeding in the Supreme Court of Ontario on November 18, 1982, wherein he attempted to have the court rescind any arrears of support which accrued through November 18, 1982. This petition was supported by an affidavit signed by appellant, dated September 21, 1982.
A stay of the judgment and the Alabama proceedings thereon initially entered by the Ontario Supreme Court was removed by it on December 7, 1982.
On May 12, 1983 the Circuit Court of Russell County ruled in favor of appellee on her suit.
The issues we must consider on appeal are, first, did the County Court of the County of Simcoe, Barrie, Ontario, Canada have jurisdiction to render the money judgment, and if so, can this judgment be afforded comity in the courts of the state of Alabama.
The courts of Alabama have recognized the principle of comity. Comity, however, is not required of state courts, but is a principle of courtesy where one jurisdiction will give effect to the laws and decisions of another jurisdiction out of deference and respect. Whether a court will give comity to a foreign court's decisions rests in the judicial discretion of the court where enforcement is sought. State ex rel. Speer v.Haynes, 392 So.2d 1183 (Ala.Civ.App. 1979), rev'd on othergrounds, 392 So.2d 1187 (Ala. 1980).
Additionally, Alabama decisions have stood for the principle that prior to enforcing a foreign judgment an Alabama court has the power to inquire into the jurisdiction of the foreign court to render the judgment sought to be enforced. Wilson v. Lee,406 So.2d 416 (Ala.Civ.App. 1981). It has also been held that a defendant may defeat the enforcement of a foreign judgment by showing a lack of jurisdiction in the court rendering such judgment. Prudential Insurance Co. of America v. Lewis,306 F. Supp. 1177 (N.D.Ala. 1969).
Appellant, in his defense, contends that he was served by the County Court of Simcoe by a process known under Canadian law as a special writ of endorsement and that said method of process is not proper under Canadian law for a suit on arrearage under a divorce decree that is not final or conclusive. Canadian courts have held in cases such as Small v. Zacher, [1975] 8 O.R. 2d 372, that judgments for arrears in alimony are not final and conclusive and additionally are not the proper subject of a specially endorsed writ. These cases, however, are distinguishable from the present situation. Small v. Zacher,supra, involved the attempted collection of an arrearage *Page 363 
of alimony contained in a foreign judgment. This is not the case here. We are concerned with whether a writ of special endorsement is the proper way to commence an action in Canada
to collect an arrearage of alimony resulting from a divorce decree issued out of a Canadian court. If it is not, the Canadian courts would not have had jurisdiction over Mr. MacLeod, and he would be able to defeat the enforcement of the Canadian judgment. Prudential Insurance Co., supra.
Also, Canadian courts have held that in order for the plaintiff to be entitled to a default judgment in such cases, the plaintiff must meet certain requirements of rule 8 and rule 20 of the rules of the Supreme Court of Canada. Lee v. Pickney, [1978] 6 B.C.L.R. 289. The provisions of these rules are mandatory and essential, and the omission of the elements required from the pleadings will be fatal to an application for leave to enter a final judgment. Bank of N.S. v. Wyne, [1963] 46 W.W.R. 50, 43 D.L.R. 2d 674 (B.C.C.A.). The record, in the case at bar, reflects that the requirements of rule 8 and rule 20 of the Supreme Court Rules of Canada were complied with in issuing the writ of special endorsement. Therefore, the Canadian courts had jurisdiction over this matter and Mrs. MacLeod was entitled to a default judgment. Lee v. Pickney,supra.
Moreover, appellant's argument that judgments for alimony are not final for the purpose of affording a cause of action outside the jurisdiction may be valid, but that is not the question with which we are presently concerned. The Ontario court held in Lear v. Lear, [1973] 3 O.R. 935, 38 D.L.R. 3d 655, 3 R.F.L. 27, that:
 "[J]udgments for alimony and maintenance, although final in the sense that leave to appeal would not be required, are nevertheless not final for the purpose of affording a cause of action outside the jurisdiction, except as to enforcement by any other superior Court in Canada following registration of the corollary relief order pursuant to s. 15 of the Divorce Act, 1967-68 (Can.), c. 24 [now R.S.C. 1970, c. D-8], presumably no such enforcement would be granted without acceptable evidence that no order of variation has been applied for or granted by the Court which granted corollary relief." (Citation omitted.) (Emphasis added.)
The cause of action with which we are presently concerned, on the other hand, was not outside the jurisdiction of Canada.
According to Lear, supra, any other superior court in Canada (i.e. any other court that did not render the divorce) may enforce a judgment for alimony and maintenance if no order ofvariation has been applied for or granted by the court whichgranted corollary relief. The trial record reflects that Mr. MacLeod did not apply for a variation of his maintenance order until after Mrs. MacLeod had sought enforcement of the decree nisi. Hence, the judgment for alimony was final for enforcement by another Canadian court and, thus, was the proper subject of a specially endorsed writ. Small v. Zacher, supra.
One other jurisdictional question must be resolved before our court may grant comity in this action. This question is whether the County of Simcoe, Barrie, Ontario had the authority to render a judgment for arrears on a divorce (decree nisi) that was rendered in the County of Middlesex. Section 15 of Chapter 8 of the Divorce Act of Canada states that:
 "An order made under section 10 or 11 by any court may be registered in any other superior court in Canada and may be enforced in like manner as an order of that superior court or in such other manner as is provided for by any rules of court or regulations made under section 19." (Emphasis added.)
Section 11 of the Divorce Act includes orders requiring the husband to pay a lump sum or periodic sums for maintenance of the wife. Hence, it appears that pursuant to section 15 and section 11 of the Divorce Act of Canada that a court may enforce an order (i.e. enter a judgment) of another court as if it were rendered as an order of that court. Therefore, the County of Simcoe, Barrie, did have jurisdiction to enforce the order of Middlesex County and render a default judgment against Mr. MacLeod. *Page 364 
Since it has been determined that the Canadian courts had jurisdiction to enforce the decree nisi, and that the specially endorsed writ was the proper way to commence the action, this court can now consider the question of affording the Canadian judgment comity in the state courts of Alabama. In State exrel. Speer, supra, this court held that once jurisdiction was determined, then the question of comity rested in the judicial discretion of the court where enforcement is sought.
Having determined that the Canadian court had jurisdiction to render the judgment now sought to be enforced in Alabama, the Russell County Circuit Court exercised its discretion by enforcing the Canadian judgment through comity. Thus, we find no abuse of the discretion reposed in that court and we, therefore, affirm its judgment.
Appellee's request for an attorney's fee is denied.
AFFIRMED.
HOLMES, J., concurs.
WRIGHT, P.J., concurs in the result.