The State of Alabama, on the relation of Nellie Jo McKinney, petitioned the Court of Civil Appeals for a writ of mandamus, pursuant to Rule 21, A.R.App.P. That court denied the petition. See Ex parte State ex rel. McKinney, 567 So.2d 366
(Ala.Civ.App. 1990). The State now seeks the same relief from this Court. See Rule 21(e). The petition asks for a writ of mandamus ordering Judge George N. Sims of the Talledega County Juvenile Court to set aside his order of February 2, 1990, granting Henry Smoot's Rule 60(b)(6), A.R.Civ.P., motion, in which Smoot had requested relief from a November 15, 1977, paternity judgment.
In order to understand the import of the State's mandamus petition, a review of the facts and procedural history of this case is necessary. In a November 1977 court proceeding, Henry Smoot admitted that he was the father of a child to be born out-of-wedlock to Nellie Jo McKinney and agreed to pay $12.50 per week in child support.
Smoot made the child support payments for a period. As of August 1987, Smoot had paid almost one-third of his total obligation, but was $4,254.05 in arrears. In that month, the State, on the relation of McKinney, filed a petition in the circuit court asking that Smoot be held in contempt for failure to pay the child support he had agreed to pay in 1977.
Smoot was not served with the subpoena until July 1989. One month later, Smoot underwent a fertility test and was found to be sterile. The doctor who performed the test noted that the sterility was due to the size of Smoot's testicles ("the patient gave no history of mumps or trauma to the testicles"), not the result of accident or injury. The matter was heard in September 1989, and the trial judge ordered that the question of paternity be reconsidered after blood tests were administered to McKinney, Smoot, and the child.
In February 1990, Smoot filed a Rule 60(b)(6), A.R.Civ.P., motion for relief from judgment, asking the court to set aside the November 1977 judgment holding that he *Page 1026 
was the father of McKinney's child and requiring him to pay child support. His motion was granted on February 21, 1990; the court set aside the 1977 judgment and ordered that McKinney bear the costs of the blood tests.
The State filed a petition for the writ of mandamus in the Court of Civil Appeals, asking that court to order Judge Sims to set aside his order granting Smoot's Rule 60(b)(6) motion. The trial judge stayed enforcement of that part of his order relating to the payment of the costs of blood tests pending the outcome of that petition for writ of mandamus. The Court of Civil Appeals denied the writ, concluding that the trial court had not abused its discretion in holding that there had been no unreasonable delay by Smoot in filing his Rule 60(b)(6) motion; that court also concluded that the trial court had not abused its discretion in treating Smoot's request as a Rule 60(b)(6) motion rather than as a Rule 60(b)(2) motion.
The State now seeks an Ala.R.App.P. 21(e) de novo review of the decision of the Court of Civil Appeals, asking again for a writ of mandamus directing Judge Sims to withdraw his order of February 1990 and to deny the defendant's motion for relief from judgment. The State's petition for a writ of mandamus is due to be denied.
This Court has addressed many times the issue of when mandamus is due to be granted. In Ex Parte Thompson,474 So.2d 1091 (1985), the Court stated:
 "It is axiomatic that mandamus is an extraordinary remedy which should be granted only when there is a clear showing that the court below abused its discretion and exercised it in an arbitrary or capricious manner. Ex Parte Baker, 459 So.2d 873, 876 (Ala. 1984); Ross v. Luton, 456 So.2d 249, 254 (Ala. 1984); Ex Parte Hartford Ins. Co., 394 So.2d 933 (Ala. 1981)."
474 So.2d at 1094.
Furthermore, mandamus is not a writ of right; it is granted or denied in the Court's discretion. Ex Parte Dunlap, 260 Ala. 52, 68 So.2d 533 (1954). It is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. C G Development v. PlanningCommission of the City of Homewood, 548 So.2d 451 (Ala. 1989).
In this case, the State has not clearly shown that the trial court abused its discretion and exercised its discretion in an arbitrary or capricious manner. The State has failed to meet its burden of proving that it had a clear right to have Judge Sims's order vacating the judgment of paternity and ordering blood tests set aside.
By denying the State's petition for mandamus, we do not decide whether Smoot is the father of the child he agreed to support. Neither do we decide whether Smoot should be estopped to deny his paternity of the child. These issues, if raised, can be litigated in the trial court, and an aggrieved party can appeal.
WRIT DENIED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.