THIGPEN, Judge.
This is an appeal of a denial of a writ of mandamus.
Linsey Maulind, Jr., filed a petition for a writ of mandamus in the Circuit Court of Montgomery, Alabama, in which he requested that the Department of Corrections (DOC) be compelled to furnish him with a correct inmate time sheet within ten days. Ala.Code 1975, § 14-3-7, requires that DOC maintain records showing, inter alia, sentencing information, and § 14-3-8 requires that DOC "furnish each convict, within a month after his confinement, a card on which shall be written or printed, or partly written and partly prin-ted, the date of such convict's conviction and the term and expiration of his sentence.”
The district attorney moved to dismiss Maulind’s petition. DOC responded with a motion to dismiss supported by an affidavit of Betty H. Teague, Correctional Records Director, which certified Maulind’s correct release date as January 13, 2002. Maulind presented the trial court numerous additional pleadings and papers, including, as exhibit “C” of his petition, his own time-sheet titled “Inmate summary as of 06/27/91” which also reflected January 13, 2002, as his release date, and Maulind’s latest conviction date as June 10, 1991. After consideration of the pleadings, the trial court summarily dismissed the petition, and Maulind appeals.
On appeal, Maulind argues that the trial court abused its discretion in dismissing his petition for a writ of mandamus. It ap *1203 pears that Maulind contends that the trial court failed to recognize his petition as one for mandamus and did not address the petition correctly. In addition to the above statutes, he cites one case, which has no application to the facts in this case, to support his contentions.
The law is clear that mandamus is not a writ of right, but it is a drastic and extraordinary writ. Ex parte State ex rel. McKinney, 575 So.2d 1024 (Ala.1990). The pleadings in the instant case show that Maulind was attempting to have the trial court compel DOC to perform an act. The record shows that the act has already been performed and certified to the trial court as being correctly performed. Maulind has failed to show that the trial court abused its discretion in denying his petition. Accordingly, this case is affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.